**FAEGRE BAKER DANIELS LLP**
ELLEN E. BOSHKOFF (BAR NO. 314087)
*ellen.boshkoff@faegrebd.com*
AMANDA SEMAAN (BAR NO. 293896)
*amanda.semaan@faegrebd.com*
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025-6543
Telephone: 310.500.2090
Facsimile: 310.500.2091

Attorneys for Defendant
INFOSYS LIMITED (incorrectly sued as
INFOSYS TECHNOLOGIES LIMITED)

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE HARRISON,<br><br>    Plaintiff,<br><br>    v.<br><br>INFOSYS TECHNOLOGIES LIMITED, a Corporation Doing Business in California; and DOES 1 to 30, Inclusive,<br><br>    Defendants. | Case No.: 2:19-cv-01893<br><br>(Los Angeles Superior Court Case No. 18STCV05278)<br><br>**DEFENDANT INFOSYS LIMITED'S NOTICE OF REMOVAL**<br><br>[Filed Concurrently with Declaration of Danielle Elias, Civil Cover Sheet and Corporate Disclosure Statement]<br><br>Complaint Filed: November 16, 2018<br>Date Removed: March 14, 2019 |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Infosys Limited, incorrectly sued as Infosys Technologies Limited[1] ("Defendant" or "Infosys"), hereby removes the above-entitled action from the Superior Court of the State of California, for the County of Los Angeles, to the United States District Court for the Central District of California. In support of this Notice of Removal, Infosys states that this Court has original subject matter jurisdiction over Plaintiff Eugene Harrison's ("Plaintiff" or "Harrison") lawsuit via diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Accordingly, removal is based on the following grounds.

## I. SUMMARY OF COMPLAINT

1. On or around November 16, 2018, Plaintiff, a former Infosys employee, filed a ten-count complaint in the Superior Court of California for the County of Los Angeles, entitled *Eugene Harrison v. Infosys Technologies Limited, et al.,* Case No. 18STCV05278. Attached hereto as Exhibit A is a true and correct copy of the Summons and Complaint filed by Plaintiff.

2. On February 12, 2019 Plaintiff served Defendant with a copy of the Summons and Complaint. On March 13, 2019, Defendant timely filed in state court its Answer, a true and correct copy of which is attached as Exhibit B.

3. Plaintiff alleges he worked for Infosys as a Senior Technology Architect from 2011 to 2017. (Ex. A, p. 3; ¶ 7). His Complaint raises the following ten causes of action: (1) race discrimination; (2) national origin discrimination; (3) disability discrimination; (4) disability harassment; (5) failure to prevent discrimination and harassment; (6) failure to correct and remedy discrimination and harassment; (7) failure to engage in the interactive process; (8) failure to accommodate; (9) intentional infliction of emotional distress; and (10) wrongful termination in violation of public policy. (Ex. A, pp. 4-20; ¶¶ 9-92).

---

[1] Infosys Technologies Limited is the former name of Infosys Limited. Infosys Technologies Limited changed its name to Infosys Limited in June 2011.

FAEGRE BAKER DANIELS LLP
ATTORNEYS AT LAW
LOS ANGELES

4. Plaintiff seeks a wide scope of damages, including lost wages (both past and future), employment benefits and other compensatory damages (Ex. A, ¶¶ 15, 27, 39, 49, 55, 60, 68, 75, 82, 91); past non-economic loss, including humiliation, serious mental anguish, emotional and physical distress, anxiety, and nervousness (*id.*, ¶¶ 16, 18, 28, 30, 40, 42, 49, 55, 60, 68, 75, 83, 85, 91); and future non-economic loss "for the treatment of [his] physical, emotional, and mental injuries." *Id.*, ¶¶ 17, 18, 29, 41, 84. Plaintiff also seeks reasonable attorneys' fees and costs as well as punitive damages. *Id.*, ¶¶ 19-20, 31-32, 43-44, 50, 56, 61, 69, 76, 86-87, 92.

## II. REMOVAL IS APPROPRIATE AND TIMELY

5. Defendant bases this removal on 28 U.S.C. § 1441(a), which allows removal of any state court action over which the United States District Courts have original jurisdiction. Based on the facts set forth below, this Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties, and the amount in controversy exceeds the statutory requirement of $75,000.

6. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1441, because this Court is in the United States District Court for the district and division embracing the place where the state court action is pending.

7. Removal is timely because, pursuant to 28 U.S.C. § 1446(b), the Notice of Removal is filed within 30 days of the date on which Plaintiff served Defendant's agent with a copy of the Summons and Complaint.

8. No previous request has been made for the relief requested herein.

9. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve this Notice of Removal on Plaintiff's counsel and file it with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

10. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant in the removed case are attached to this Notice of Removal and incorporated herein by reference.

### III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

11. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, this action may be removed to this Court. As discussed below, diversity of citizenship exists between Plaintiff and Infosys, and the amount Plaintiff places in controversy in his Complaint exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a)(1).

#### A. Complete Diversity of Citizenship Exists.

12. A case may be heard in federal court under diversity jurisdiction if there is complete diversity, i.e., the citizenship of each plaintiff is diverse from the citizenship of each defendant. 28 U.S.C. § 1332(a); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Further, a defendant may remove an action to federal court under 28 U.S.C. § 1332 provided that no defendant is a citizen of the same state in which the action was brought. *See* 28 U.S.C. § 1441(a), (b)(2). Here all such requirements are met, because Plaintiff is a citizen of California, and Defendant is *not* a citizen of California.

##### 1. Plaintiff is a Citizen of California.

13. The Complaint alleges that "Plaintiff . . . resided in [the] County of Los Angeles, California, at all times relevant [to this action]." (Ex. A., ¶ 1). Accordingly, Plaintiff is domiciled in California and thus a California citizen for purposes of diversity. *Boon v. Allstate Inst. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) ("An individual is a citizen of the state in which he is domiciled …") (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). *See also Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)) (For purposes of diversity of citizenship

US.122221140.01     - 4 -     DEFENDANT'S NOTICE OF REMOVAL
CASE NO.: 2:19-cv-01893

FAEGRE BAKER
DANIELS LLP
ATTORNEYS AT LAW
LOS ANGELES


jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed).

### 2. Defendant Is Not a Citizen of California.

14. Pursuant to 28 U.S.C. § 1332(c)(1), a "corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]"

15. Infosys is a foreign corporation organized under the laws of India. (*See* Declaration of Danielle Elias in Support of Defendant's Notice of Removal ("Elias Dec."), ¶ 2).

16. The "principal place of business" for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332 refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities … [I]n practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'never center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

17. Infosys' corporate headquarters are in Bangalore, India. (*See* Elias Dec., ¶ 2). The majority of Infosys' corporate officers work from its Bangalore headquarters and its corporate-level activities are directed, controlled, and coordinated from there. (*See id.*)

18. Infosys' principal place of business therefore is in Bangalore, India.

19. Accordingly, Defendant is a foreign corporation for diversity purposes. *See JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 98 n.3 (2002) (noting the consensus among courts that a foreign corporation is deemed a citizen of its state of incorporation and where it has its principal place of business).

US.122221140.01 - 5 - DEFENDANT'S NOTICE OF REMOVAL
CASE NO.: 2:19-cv-01893

FAEGRE BAKER
DANIELS LLP
ATTORNEYS AT LAW
LOS ANGELES

20. Because Plaintiff is a citizen of California, and Defendant is not a citizen of California, complete diversity of citizenship exists.[2]

### B. The Amount in Controversy Exceeds $75,000.

21. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $75,000. *See, e.g., Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-cv-01945-JCS, 2016 WL 3902838, at *2 (N.D. Cal. July 19, 2016), citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996); *Urbino v. Orkin Servs. of Cal., Inc.,* 726 F.3d 1118, 1121-22 (9th Cir. 2013).

22. Where, as here, a plaintiff does not plead the amount of damages that he seeks, the Court must look beyond the Complaint to determine whether the lawsuit meets the jurisdictional requirement. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479 F.3d 994, 998 & n. 4 (9th Cir. 2007); *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 690 (9th Cir. 2006). In such cases, the defendant seeking removal must prove by a preponderance of the evidence that the amount in controversy requirement has been met. 28 U.S.C. § 1446(c)(2); *Lowdermilk*, 479 F.3d at 998; *Abrego Abrego*, 443 F.3d at 683. "Under this burden, the defendant must provide evidence that it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Market Corp.*, 408 F. Supp.2d 982, 986 (S.D. Cal. 2005)). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not

---

[2] Note also that for purposes of removal based on diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." *See* 28 U.S.C. § 1441(b)(1).

obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn*, 536 F. Supp. 2d at 1204-05.

23. In determining whether the jurisdictional minimum is met, courts consider all alleged recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977) (superseded by statute on other grounds); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

24. Plaintiff's allegations, which give rise to ten causes of action and for which he seeks a litany of monetary and non-monetary damages, plus attorneys' fees, place an amount in controversy in excess of $75,000.

### 1. Lost Earnings and Benefits

25. Plaintiff seeks past and future lost wages and employment benefits. (Ex. A, ¶¶ 15, 27, 39, 49, 55, 60, 68, 75, 82, 91). Lost earnings and benefits are included in the amount-in-controversy calculation. *See, e.g., Melendez v. HMS Host Family Rest, Inc.*, No. CV 11-3842, 2011 WL 3760058, at *2 (C.D. Cal. Aug. 25, 2011) (including projected lost wages from date of alleged adverse employment action to anticipated date of judgment in amount-in-controversy allocation); *Rivera v. Costco Wholesale Corp.,* No. C 08-02202, 2008 WL 2740399, at *3 (N.D. Cal. July 11, 2008) (considering "lost wages and benefits [that] may accrue" after removal). Assessing a plaintiff's anticipated lost wages over a one-year period—from the filing of the Complaint to the expected date of judgment, for example—has been deemed reasonable. *See, e.g.*, *Melendez*, 2011 WL 3760058, at *2; *Rivera*, 2008 WL 2740399, at *1, 3.

26. Plaintiff's Complaint alleges that Plaintiff worked for Infosys from 2011 to 2017. (Ex. A, ¶ 7). Plaintiff also alleges that in 2016 he "became disabled from physical ailments to his back and heart," as a result of which "[h]e had to miss time from work." (*Id.*). At the time of his discharge, Plaintiff was earning $135,236.00

US.122221140.01 - 7 - DEFENDANT'S NOTICE OF REMOVAL
CASE NO.: 2:19-cv-01893

FAEGRE BAKER
DANIELS LLP
ATTORNEYS AT LAW
LOS ANGELES

per year. (Elias Dec., ¶ 3, Ex. 1). The Complaint does not allege, and Infosys has no reason to believe, that Plaintiff has secured alternative employment since his discharge. Thus, using a conservative estimate of only 32 months between the date of his discharge (assuming it was in April 2017) and the entry of judgment in this matter (which, again, we conservatively assume will happen in November 2019—a mere one year after Plaintiff filed his Complaint), Plaintiff's damages for lost wages alone would total roughly $225,393.33. Thus, without even taking into account Plaintiff's other damages claims, his estimated alleged back and front pay are adequate to cross the diversity jurisdictional threshold.

### 2. Emotional Distress and Punitive Damages

27. As noted above, in addition to lost wages, Plaintiff claims various non-economic damages, including pain and suffering and other types of emotional distress damages. "Emotional distress damages can be considered when calculating the amount in controversy even when the pleadings are vague as to the amount sought," and "[a] defendant may introduce evidence of jury verdicts in cases involving analogous facts to establish probable emotional distress damages." *Rodriguez*, 2016 WL 3902838, at *5; *see also Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012).

28. Plaintiff's claim for emotional distress damages *alone* likely satisfies the amount in controversy requirement. In one case, for example, a San Diego County Superior Court awarded more than $145,000 on wrongful termination claims that incorporated emotional distress, where the employee alleged that the employer misrepresented and/or modified the nature of the position, eventually resulting in his termination. *Johnson vs. BSI Consultants Inc.*, 26 Trials Digest 2d 23, 1996 WL 763115 (Cal. Super. Sept. 13, 1996); *see also Gary v. Nichols*, 45 Trials Digest 8th 7, 2004 WL 3576547 (Cal. Super. Dec. 10, 2004) (San Diego County jury verdict specifically awarding $41,500 in emotional distress damages on wrongful

US.122221140.01 - 8 - DEFENDANT'S NOTICE OF REMOVAL
CASE NO.: 2:19-cv-01893

FAEGRE BAKER
DANIELS LLP
ATTORNEYS AT LAW
LOS ANGELES

termination claim). Indeed, plaintiffs alleging emotional distress as a result of wrongful termination regularly seek - and courts regularly uphold - damage awards exceeding $75,000 for such damages. *Keiffer v. Bechtel Corp.*, 65 Cal. App. 4th 893, 895 (1998) (upholding jury award in excess of $75,000 for emotional distress damages in a single-plaintiff age-discrimination case); *Silo v. CHW Med. Found.*, 86 Cal. App. 4th 947, 955 (2001) (upholding jury award in excess of $75,000 for noneconomic damages in a wrongful termination lawsuit); *Satrap v. Pac. Gas & Elec. Co.*, 42 Cal. App. 4th 72, 76 (1996) (upholding a jury award in excess of $75,000 for noneconomic damages).

29. Plaintiff additionally seeks punitive damages. *See infra*, ¶ 4. The Court must also consider Plaintiff's request for punitive damages as part of the amount in controversy when determining diversity jurisdiction. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) ("[b]ecause the purpose of punitive damages is to capture the defendant's attention and deter others from similar conduct, it is apparent that the plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount]").

### 3. Attorneys' Fees

30. Plaintiff also seeks to recover an unspecified amount of attorneys' fees. *See infra*, ¶ 4. Courts have held that an award of attorneys' fees, if such fees are authorized, may be considered for purposes of calculating the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (holding that attorneys' fees are included in the calculation of the amount in

controversy under 28 U.S.C. § 1332(a)); *Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by statute or contract, are also part of the calculation.").

31. Further, California federal courts repeatedly have recognized that post-removal attorneys' fees may be considered. In *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002), for example, the court held that "[attorneys' fees] necessarily accrue until the action is resolved" and thus, "the Ninth Circuit [in *Galt*, supra] must have anticipated that district courts would project fees beyond removal." As such, the *Simmons* court held that the "measure of [attorneys'] fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Id.* at 1035. The court further observed that "attorneys' fees in individual discrimination cases often exceed the damages." *See Pulera v. F&B, Inc.*, 2008 U.S. Dist. LEXIS 7265, *14-15 (E.D. Cal. 2008) ("While the Ninth Circuit has not yet ruled on this issue, the preponderance of courts in this Circuit have agreed with the Brady approach" of "includ[ing] a reasonable estimate of the attorney's fees likely to be incurred" (citing *Brady v. Mercedes-Benz*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002)).

32. Therefore, while Plaintiff seeks an unspecified amount of attorneys' fees, such fees must be considered in the amount-in-controversy calculation. Conservatively assuming that Plaintiff's counsel charges $300 per hour, attorneys' fees would total $75,000 after 250 hours of work. Plaintiff's counsel would likely exceed this amount during the pretrial phase of litigation alone, and certainly would exceed this amount through trial. *See, e.g., Simmons*, 209 F. Supp. 2d at 1035 ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages.")

### 4. Summary of Amount In Controversy

33. While Defendant denies any and all liability to Plaintiff, based on a conservative and good faith estimate of the value of the alleged damages in this action, the amount in controversy in this case far exceeds $75,000, exclusive of interests and costs, as demonstrated above. Accordingly, it cannot be denied that the amount in controversy exceeds the jurisdictional threshold set forth in 28 U.S.C. section 1332(a).

## IV. CONCLUSION

For the foregoing reasons, this Court has jurisdiction to hear this case. Infosys thus has properly removed the underlying action to this Court.

Dated: March 14, 2019        **FAEGRE BAKER DANIELS LLP**

By: */s/ Amanda Semaan*
ELLEN E. BOSHKOFF
AMANDA SEMAAN
Attorneys for Defendant
INFOSYS LIMITED (incorrectly sued as INFOSYS TECHNOLOGIES LIMITED)