# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
02/12/2019
CT Log Number 534913898

TO: James Beyer
Infosys Limited
2300 Cabot Dr Ste 250
Lisle, IL 60532-4619

RE: **Process Served in California**

FOR: Infosys Technologies Limited  (Former Name)  (Domestic State: IN)
Infosys Limited (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | EUGENE HARRISON, PLTF. vs. INFOSYS TECHNOLOGIES LIMITED, ETC., AND DOES 1 to 30, DFTS. |
| **DOCUMENT(S) SERVED:** | SUMMONS, COVER SHEET, COMPLAINT, EXHIBIT, ORDER(S), ATTACHMENT(S) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA
Case # 18STCV05278 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/12/2019 at 13:07 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | WITHIN 30 CALENDAR DAYS AFTER THIS SUMMONS |
| **ATTORNEY(S) / SENDER(S):** | DAVID FELDMAN
LAW OFFICE OF bAVID FELDMAN
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
310-578-7171 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/13/2019, Expected Purge Date: 02/18/2019

Image SOP

Email Notification,  James Beyer  james.beyer01@infosys.com

Email Notification,  Kristina Kendall  kristy.kendall@FaegreBD.com

Email Notification,  Rozlyn Fulgoni-Britton  rozlyn.f@infosys.com

Email Notification,  SARAH CALDWELL BRESLIN  sarah.breslin@infosys.com |
| **SIGNED:**
**ADDRESS:**


**TELEPHONE:** | C T Corporation System
818 West Seventh Street
Los Angeles, CA 90017
213-337-4615 |

Page 1 of  1 / VN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Exhibit A
Page 12

**SUM-100**

**COPY**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Infosys Technologies Limited, a Corporation Doing Business in California, and Does 1 to 30, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Eugene Harrison

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**NOV 16 2018**

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>California Superior Court, County of Los Angeles<br>111 N. Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**18STCV05278** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Office of David Feldman, 100 Wilshire Blvd., Suite 700, Santa Monica, CA 90401 310-578-7171

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | **NOV 16 2018** | Clerk, by  SHERRI R. CARTER  SHAUNYA BOLDEN | , Deputy<br>*(Adjunto)* |
| | | *(Secretario)* | |

*(For proof of service of this summons, use Proof of Service of Summons (POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [✓] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

COPY

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> Law Offices of David Feldman, SBN, #179679 <br> 100 Wilshire Blvd., Suite 700 <br> Santa Monica, CA 90401 <br><br> TELEPHONE NO.: 310-578-7171    FAX NO.: 310-578-7731 <br> ATTORNEY FOR *(Name):* Eugene Harrison | FOR COURT USE ONLY <br><br> CONFORMED COPY <br> OF ORIGINAL FILED <br> Los Angeles Superior Court <br><br> NOV 16 2018 <br><br> Sherri R. Carter, Executive Officer/clerk <br><br> By Shaunya Bolden, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Eugene Harrison v. Infosys Technologis Limited, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: <br> **18STCV05278** |
|---|---|---|---|---|
| [✔] Unlimited <br> (Amount demanded exceeds $25,000) | [ ] Limited <br> (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | JUDGE: <br><br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

BY FAX

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✔] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✔] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✔] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✔] punitive

4. Number of causes of action *(specify):* Ten Causes of Action: disability and race discrimination

5. This case [ ] is [✔] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: Nov 15 2018

David Feldman
_____(TYPE OR PRINT NAME)_____

▶ _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

Exhibit A
Page 14

COPY
18STCV05278

| SHORT TITLE: Eugene Harrison v. Infosys Technologies Limited | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
# STATEMENT OF LOCATION
# (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**BY FAX**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| A<br>Civil Case Cover Sheet<br>Category No. | | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☑ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☑ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☑ A6070 Asbestos Property Damage | 1, 11 |
| | | ☑ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☑ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☑ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☑ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☑ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☑ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☑ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☑ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Eugene Harrison v. Infosys Technologies Limited | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach –Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4
Page 16

| SHORT TITLE: Eugene Harrison v. Infosys Technologies Limited | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
·LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

| SHORT TITLE: Eugene Harrison v. Infosys Technologies Limited | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br>☑1.☑2.☑3.☐4.☐5.☐6.☐7.☐8.☐9.☐10.☐11. | ADDRESS:<br>Los Angeles, CA 90012 |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90012 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____ Central _____ District of the Superior Court of California, County of Los Angeles (Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)).

Dated: Nov 15, 2018

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Exhibit 4 Page 4 of 4
Page 18

**COPY**

DAVID FELDMAN (SBN 179679)
LAW OFFICE OF DAVID FELDMAN
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Tel:    (310) 578-7171
Fax:    (310) 578-7731

Attorney for Plaintiff
EUGENE HARRISON

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

**NOV 16 2018**

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

**BY FAX**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

EUGENE HARRISON,

　　　　Plaintiff,

　　vs.

INFOSYS TECHNOLOGIES LIMITED, a Corporation Doing Business in California, and DOES 1 to 30, Inclusive,

　　　　Defendants.

CASE NO.: **18STCV05278**

PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL BASED ON UPON:

1. RACE DISCRIMINATION;
2. NATIONAL ORIGIN DISCRIMINATION;
3. DISABILITY DISCRIMINATION;
4. DISABILITY HARASSMENT;
5. FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT;
6. FAILURE TO CORRECT AND REMEDY DISCRIMINATION AND HARASSMENT;
7. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS;
8. FAILURE TO ACCOMMODATE;
9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;
10. WRONGFUL TERMINATION IN; VIOLATION OF PUBLIC POLICY

1

COMPLAINT

Plaintiff EUGENE HARRISON, by and through his counsel, claims and alleges as follows:

## PARTIES

1. Plaintiff EUGENE HARRISON, resided in County of Los Angeles, State of California, at all times relevant, is male, Caucasian, is a citizen of and was born in the United States, and is qualified and entitled to California Government Code §§ 12900 et seq. protection.

2. At all times herein mentioned, Defendant INFOSYS TECHNOLOGIES LIMITED is a Corporation doing business within the City of Long Beach, in the County of Los Angeles, State of California.

3. Plaintiff is ignorant of the true names and capacities—whether individual, corporate, associate or other—of the defendants sued herein under fictitious names Does 1 through 30 inclusive and for that reason sues said defendants, and each of them, by such fictitious names. Plaintiff is informed, believes and thereupon alleges that each of the defendants Does 1 through 30 inclusive, is and was in some manner responsible for, had participated in or contributed to the matters and things of which plaintiff complains herein, and in some fashion has legal responsibility therefore. When plaintiff ascertains the names and capacities of the fictitiously named defendants Does 1 through 30 inclusive, Plaintiff will seek leave to amend this Complaint to set forth such facts.

4. Plaintiff is informed, believes and thereupon alleges that each defendant is, and at all times relevant herein was, the agent of his, her or its co-defendants, and in committing the acts alleged herein, was acting within the scope of his, her or its authority as such agent, with the knowledge, permission and consent of his, her or its co-defendants.

2

COMPLAINT

## VENUE AND JURISDICTION

5.     Venue is proper under California Government Code § 12965 and/or California Code of Civil Procedure § 395, in that Plaintiff's injuries were incurred within this jurisdiction, and the actions that gave rise to Plaintiff's complaints arose within this jurisdiction.  Plaintiff's complaint arose within this jurisdiction.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

6.     Plaintiff has exhausted his administrative remedies under the California Fair Employment and Housing Act by filing a charge with the California Department of Fair Employment and Housing.  The Department of Fair Employment and Housing issued to Plaintiff a Notice of Case Closure/Right-to-Sue Letter dated Nov 18, 2017 made a part hereof, and marked as Exhibit 1 to this Complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.     Eugene Harrison was employed at Infosys Technologies Limited as a Senior Technology Architect. He worked there from 2011 to 2017. In 2016 Mr. Harrison became disabled from physical ailments to his back and heart.  He had to miss time from work because of his physical disability and was criticized and demoted for it. At no time did the employer engage Mr. Harrison in the interactive process or try to accommodate him. He went on FMLA and the day he returned to work was terminated.

8.     Additionally, Mr. Harrison is a white man who was discriminated against because of his race. Infosys is engaged in a systematic pattern and practice of discriminating against non-South Asian employees.   Mr. Harrison's experience with Infosys demonstrated the discriminatory nature of Infosys's employment practices. On several occasions Infosys gave Mr. Harrison false low review ratings thereby denying him his 20% performance bonus. When he complained of his low rating it was improved somewhat, but not enough for him to obtain his

3

COMPLAINT

bonus. Infosys targeted non-South Asian employees in a racial discriminatory fashion by reducing their ratings and denying bonuses. Infosys discriminated against Mr. Harrison because of his race and disability and retaliated against him which led to his demotion, loss of salary and termination. He suffered and will continue to suffer both economic and non-economic losses.

## FIRST CAUSE OF ACTION

### RACE DISCRIMINATION

#### (Against all Defendants and all Does Defendants)

9.     Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every party thereof, of this Complaint, with the same force and effect as though set forth at length herein.

10.     Defendants are each an "employer" within the meaning of and subject to California Government Code Section §§ 12900 et seq., commonly referred to as the California Fair Employment and Housing Act ("FEHA").

11.     California Government Code § 12940(a) provides in pertinent part that it is an unlawful employment practice "for an employer, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges or employment."  Plaintiff further alleges that Defendant knew of the discrimination based upon race/national origin and failed to take reasonable remedial actions and thereby implicitly condoned and/or ratified said discrimination and therefore, Defendants are liable for the acts having been done, as described

4

COMPLAINT

above in this Complaint.  Plaintiff further alleges that all of the illegal conduct of Defendants, and each of them, was done in conscious disregard of Plaintiff's rights, and Plaintiff's terminations was the result of, inter alia, Plaintiff's race/national origin.

12.     Plaintiff alleges that he was denied employment due to his race/national origin. Plaintiff was denied employment because he is White and/or not Indian, Pakistani, or Bangladeshi birth or descent.

13.     The discriminatory actions, based on race/national origin, of Defendants against Plaintiff, including but not limited to denying Plaintiff employment, constitute unlawful discrimination based upon race/national origin in violation of the California Fair Employment and Housing Act (FEHA), codified in California Government Code § 12940(a).

14.     The failure of Defendants to take all reasonable steps necessary to prevent discrimination and harassment against Plaintiff, including but not limited to terminating Plaintiff from his employment, are all in violation of FEHA, codified in California Government Code § 12940(k).

15.     As a proximate result of the acts of Defendants, and each of them, as described above, Plaintiff suffered economic damages, including lost wages and benefits and other compensatory damages in an amount to be ascertained at the time of trial.

16.     As a proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has suffered physical and mental injuries and has necessarily expended sums in the treatment of such injuries, al to Plaintiff's damage in an amount to be ascertained at the time of trial.

17.     As a further proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment

of the physical, emotional, and mental injuries sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time of trial.

18.     As a further proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has suffered humiliation, mental and physical distress, anxiety, nervousness, and has been generally damaged in an amount to be ascertained at the time of trial.

19.     As a direct and proximate result of the above-described acts of Defendants, and each of them, Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions of California Government Code § 12965(b), Plaintiff is entitled to the reasonable value of such attorney's fees and costs.

20.     The above-described acts of Defendants, and each of them, were willful, intentional, and malicious and done with the intent to vex, injure and annoy Plaintiff; and were done in conscious disregard of Plaintiff's rights, and thus, warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendants and to deter others from engaging in similar despicable conduct.

## SECOND CAUSE OF ACTION

### RACE DISCRIMINATION

#### (Against all Defendants and all Doe Defendants)

21.     Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every party thereof, of this Complaint, with the same force and effect as though set forth at length herein.

22.     Defendants are each an "employer" within the meaning of and subject to California Government Code Section §§ 12900 et seq., commonly referred to as the California Fair Employment and Housing Act ("FEHA").

23.     California Government Code § 12940(a) provides in pertinent part that it is an unlawful employment practice "for an employer, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age, or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges or employment."  Plaintiff further alleges that Defendant knew of the discrimination based upon race/national origin and failed to take reasonable remedial actions and thereby implicitly condoned and/or ratified said discrimination and therefore, Defendants are liable for the acts having been done, as described above in this Complaint.  Plaintiff further alleges that all of the illegal conduct of Defendants, and each of them, was done in conscious disregard of Plaintiff's rights, and Plaintiff's terminations was the result of, inter alia, Plaintiff's race/national origin.

24.     Plaintiff alleges that he was denied employment due to his race/national origin. Plaintiff was denied employment because he is White and/or not Indian, Pakistani, or Bangladeshi birth or descent.

25.     The discriminatory actions, based on race/national origin, of Defendants against Plaintiff, including but not limited to denying Plaintiff employment, constitute unlawful discrimination based upon race/national origin in violation of the California Fair Employment and Housing Act (FEHA), codified in California Government Code § 12940(a).

26.     The failure of Defendants to take all reasonable steps necessary to prevent discrimination and harassment against Plaintiff, including but not limited to terminating Plaintiff from his employment, are all in violation of FEHA, codified in California Government Code §

Exhibit A
Page 25

1    12940(k).

2        27.    As a proximate result of the acts of Defendants, and each of them, as described

3    above, Plaintiff suffered economic damages, including lost wages and benefits and other

4    compensatory damages in an amount to be ascertained at the time of trial.

5        28.    As a proximate result of the acts of Defendants, and each of them, as alleged

6    above, Plaintiff has suffered physical and mental injuries and has necessarily expended sums in

7

8    the treatment of such injuries, al to Plaintiff's damage in an amount to be ascertained at the time

9    of trial.

10       29.    As a further proximate result of the acts of Defendants, and each of them, as

11   alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment

12

13   of the physical, emotional, and mental injuries sustained by Plaintiff as a result of said

14   Defendants' acts in an amount to be ascertained at the time of trial.

15       30.    As a further proximate result of the acts of Defendants, and each of them, as

16   alleged above, Plaintiff has suffered humiliation, mental and physical distress, anxiety,

17   nervousness, and has been generally damaged in an amount to be ascertained at the time of trial.

18

19       31.    As a direct and proximate result of the above-described acts of Defendants, and

20   each of them, Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the

21   provisions of California Government Code § 12965(b), Plaintiff is entitled to the reasonable

22   value of such attorney's fees and costs.

23       32.    The above-described acts of Defendants, and each of them, were willful,

24   intentional, and malicious and done with the intent to vex, injure and annoy Plaintiff; and were

25   done in conscious disregard of Plaintiff's rights, and thus, warrant the imposition of exemplary

26   and punitive damages in an amount sufficient to punish said Defendants and to deter others from

27

28

Exhibit A
Page 26

1   engaging in similar despicable conduct.

2   ## THIRD CAUSE OF ACTION

3   ## DISABILITY DISCRIMINATION

4   ### (Against all Defendants and all Doe Defendants)

5

6   33.   Plaintiff incorporates and realleges by reference all previous paragraphs, and each

7   and every party thereof, of this Complaint, with the same force and effect as though set forth at

8   length herein.

9   34.   Defendants are each an "employer" within the meaning of and subject to

10  California Government Code Section §§ 12900 et seq., commonly referred to as the California

11  Fair Employment and Housing Act ("FEHA").

12

13  35.   California Government Code § 12940(a) provides in pertinent part that it is an

14  unlawful employment practice "for an employer, because of race, religious creed, color, national

15  origin, ancestry, physical disability, mental disability, medical condition, marital status, sex, age,

16  or sexual orientation of any person, to refuse to hire or employ the person or to refuse to select

17  the person for a training program leading to employment, or to bar or to discharge the person

18  from employment or from a training program leading to employment, or to discriminate against

19  the person in compensation or in terms, conditions, or privileges or employment." Plaintiff

20  further alleges that Defendant knew of the discrimination based upon disability and/or perceived

21  disability and failed to take reasonable remedial actions and thereby implicitly condoned and/or

22  ratified said discrimination and therefore, Defendants are liable for the acts having been done, as

23  described above in this Complaint. Plaintiff further alleges that all of the illegal conduct of

24  Defendants, and each of them, was done in conscious disregard of Plaintiff's rights, and

25  Plaintiff's terminations was the result of, inter alia, Plaintiff's disability and/or perceived

26

27

28

1  disability.

2      36.    Plaintiff alleges that he was denied employment due to his disability and/or

3  perceived disability.

4      37.    The discriminatory actions, based on disability and/or perceived disability, of

5
6  Defendants against Plaintiff, including but not limited to denying Plaintiff employment,

7  constitute unlawful discrimination based upon race/national origin in violation of the California

8  Fair Employment and Housing Act (FEHA), codified in California Government Code §

9  12940(a).

10     38.    The failure of Defendants to take all reasonable steps necessary to prevent

11
12  discrimination and harassment against Plaintiff, including but not limited to terminating Plaintiff

13  from his employment, are all in violation of FEHA, codified in California Government Code §

14  12940(k).

15     39.    As a proximate result of the acts of Defendants, and each of them, as described

16  above, Plaintiff suffered economic damages, including lost wages and benefits and other

17  compensatory damages in an amount to be ascertained at the time of trial.

18
19     40.    As a proximate result of the acts of Defendants, and each of them, as alleged

20  above, Plaintiff has suffered physical and mental injuries and has necessarily expended sums in

21  the treatment of such injuries, al to Plaintiff's damage in an amount to be ascertained at the time

22  of trial.

23     41.    As a further proximate result of the acts of Defendants, and each of them, as

24
25  alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment

26  of the physical, emotional, and mental injuries sustained by Plaintiff as a result of said

27  Defendants' acts in an amount to be ascertained at the time of trial.

28

10

COMPLAINT

42.     As a further proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has suffered humiliation, mental and physical distress, anxiety, nervousness, and has been generally damaged in an amount to be ascertained at the time of trial.

43.     As a direct and proximate result of the above-described acts of Defendants, and each of them, Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions of California Government Code § 12965(b), Plaintiff is entitled to the reasonable value of such attorney's fees and costs.

44.     The above-described acts of Defendants, and each of them, were willful, intentional, and malicious and done with the intent to vex, injure and annoy Plaintiff; and were done in conscious disregard of Plaintiff's rights, and thus, warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendants and to deter others from engaging in similar despicable conduct.

## FOURTH CAUSE OF ACTION

### DISABILITY HARASSMENT

#### (Against all Defendants and all Does Defendants)

45.     Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every party thereof, of this Complaint, with the same force and effect as though set forth at length herein.

46.     Plaintiff was at all times hereto an "employee" within the meaning of California Government Code § 12926(c) and California Government Code §§ 12940(a) and (c), which prohibit disability discrimination in employment.

47.     Defendant was at all material times an "employer" as defined by California Government Code § 12926(d) and within the meaning of California Government Code §§

11

COMPLAINT

12940(a) and (c) and, as such, was barred from discriminating in employment decisions on the basis of plaintiff's mental disability, as set forth in California Government Code § 12940(i).

48.     Defendants harassed plaintiff on the basis of disability or perceived disability, denying Plaintiff employment in violation of California Government Code §§ 12940(a) and (c), Article 1 of the California Constitution and related statutes, by engaging in the course of conduct more fully set forth in all paragraphs stated above.

49.     As a direct and proximate result of Defendants' actions against Plaintiff, Plaintiff suffered (a) humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future wages, and employment benefits and opportunities, on account of which plaintiff is entitled to compensatory damages. The exact amount and nature of such damages are presently unknown to plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at the time of trial.

50.     As more fully set forth above, the disability harassment by defendants was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by plaintiff, within the meaning of California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of defendants.

## FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT HARASSMENT AND DISCRIMINATION

#### (Against all Defendants and all Does Defendants)

51.     Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every party thereof, of this Complaint, with the same force and effect as though set forth at

12

COMPLAINT

length herein.

52. California Government Code § 12940(k) makes it an illegal practice for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

53. Defendant failed to take all reasonable steps to prevent Plaintiff's harassment from occurring, in violation of California Government Code § 12940(k), by engaging in the course of conduct set forth in all paragraphs stated above, amongst other things.

54. Specifically, Defendant failed to take any meaningful preventative action against those managers, supervisors and employees who were harassing plaintiff or enabling others to discriminate against and harass Plaintiff. If Defendant has a written policy addressing the issue of gender, age, religion/national origin and/or disability or perceived disability harassment, the policy is not enforced and is consistently disregarded.

55. As a result of Defendant's failure to prevent the unlawful harassment of Plaintiff, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, emotional and physical distress, (b) loss of past and future earnings, and employment benefits and opportunities, which plaintiff is entitled to as compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at the time of trial.

56. As more fully set forth above, Defendant's failure to prevent the unlawful harassment was intentional, malicious, wanton, oppressive and fraudulent, with conscious disregard for plaintiff's rights and with the intent to vex, injure, punish and annoy plaintiff so as to cause the injuries sustained by plaintiff, within the meaning of California Civil Code § 3294.

1  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish
2  and make an example out of defendant.
3
## SIXTH CAUSE OF ACTION
4
### FAILURE TO CORRECT AND REMEDY DISCRIMINATION AND HARASSMENT
5
#### (Against all Defendants and all Does Defendants)
6
7  57.    Plaintiff incorporates and realleges by reference all previous paragraphs, and each
8  and every party thereof, of this Complaint, with the same force and effect as though set forth at
9  length herein.
10  58.    Defendant failed to take all reasonable steps to correct and remedy the harassment
11  of plaintiff, in violation of California Government Code § 12940(j), by engaging in the course of
12  conduct set forth in all paragraphs stated above, amongst other things.
13
14  59.    Specifically, during the course of this misconduct, defendants failed to take
15  immediate and appropriate corrective action to remedy the discrimination of Plaintiff by
16  Defendants who were harassing Plaintiff and discriminating against Plaintiff based on his
17  race/national origin, and disability or perceived disability.
18
19  60.    As a result of Defendant's failure to correct or remedy the unlawful
20  discrimination and harassment of plaintiff, plaintiff has suffered and continues to suffer from (a)
21  substantial humiliation, serious mental anguish, emotional and physical distress, (b) loss of past
22  and future earnings, employment benefits and opportunities Plaintiff is entitled to as
23  compensatory damages.  The exact amount and nature of such damages exceed the jurisdictional
24  limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend
25  this Complaint upon ascertaining such information or will prove the same at the time of trial.
26
27  61.    As more fully set forth above, Defendant's failure to correct or remedy the
28

14
COMPLAINT

unlawful discrimination and harassment was intentional, malicious, wanton, oppressive and fraudulent, with conscious disregard for plaintiff's rights and with the intent to vex, injure, punish and annoy plaintiff so as to cause the injuries sustained by plaintiff, within the meaning of California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

## SEVENTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

#### (Against all Defendants and all Does Defendants)

62.    Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every party thereof, of this Complaint, with the same force and effect as though set forth at length herein.

63.    Plaintiff had a disability that limited his ability to engage in a major life activity.

64.    Plaintiff requested that Defendant make a reasonable accommodation for his disability so that he would be able to perform the essential job requirements.

65.    Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job requirements.

66.    Defendant failed to participate in a timely, good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made.

67.    Defendant's failure to participate in a good-faith interactive process was a substantial factor in causing harm to Plaintiff, and as a result Plaintiff was harmed.

68.    As a direct and proximate result of defendants' actions against Plaintiff, Plaintiff suffered (a) humiliation, serious mental anguish, and emotional and physical distress; and (b)

loss of past and future wages, and employment benefits and opportunities, on account of which plaintiff is entitled to compensatory damages. The exact amount and nature of such damages are presently unknown to Plaintiff, who will either seek leave to amend this First Amended Complaint upon ascertaining such information or will prove the same at the time of trial.

69.     As more fully set forth above, the disability harassment by defendants was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for plaintiff's rights and with the intent to vex, injure, punish, and annoy plaintiff so as to cause the injuries sustained by plaintiff, within the meaning of California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

## EIGHTH CAUSE OF ACTION

## FAILURE TO REASONABLY ACCOMMODATE

### (Against all Defendants and all Does Defendants)

70.     Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every party thereof, of this Complaint, with the same force and effect as though set forth at length herein.

71.     Defendant knew that Plaintiff had a disability which limited his ability to engage in a major life activity.

72.     Plaintiff was able to perform the essential duties of his job with reasonable accommodation for his disability.

73.     Defendant failed to provide reasonable accommodation for Plaintiff's disability.

74.     Defendant's failure to provide reasonable accommodation was a substantial factor in causing harm to Plaintiff and as a result Plaintiff was harmed.

16

COMPLAINT

75.     As a direct and proximate result of defendants' actions against Plaintiff, Plaintiff suffered (a) humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future wages, and employment benefits and opportunities, on account of which plaintiff is entitled to compensatory damages.  The exact amount and nature of such damages are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at the time of trial.

76.     As more fully set forth above, the disability harassment by Defendants was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for plaintiff's rights and with the intent to vex, injure, punish, and annoy plaintiff so as to cause the injuries sustained by plaintiff, within the meaning of California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

## NINETH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### (Against all Defendants and all Does Defendants)

77.     Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every party thereof, of this Complaint, with the same force and effect as though set forth at length herein.

78.     Each and every Defendant named in the Cause of Action acted intentionally and/or recklessly and subjected the Plaintiff to severe emotional distress by doing the outrageous acts that shock one's conscience alleged to have been done, and by creating the offensive, discriminatory, harassing and retaliatory work environment more fully described throughout this Complaint.

17

COMPLAINT

79.     Each and every Defendant named in this Cause of Action intentionally caused severe and extreme emotional distress to Plaintiff due to, but not limited to, the discriminating against Plaintiff due to race/national origin and disability and/or perceived disability.

80.     The discrimination and harassment cause Plaintiff to go into depression and he began to notice his health deteriorating.  He was having trouble sleeping and often had anxiety attacks resulting in psychological problems.  He had headaches, stomach pain, and he suffered from anxiety, heart palpitations, nausea, resulting in fatigue and depression.

81.     The acts described throughout this Complaint were spiteful and made with the intention to humiliate and embarrass Plaintiff because they were made with the intent, purpose, and effect of discriminating, harassing and retaliating against an employee due to race/national origin and disability and/or perceived disability.  Further, Plaintiff was denied employment at a time when he needed his job the most in order to support his family.  Thus, compounding his emotional distress caused by the abrupt end to his income, and thereby his ability to pay his bills and care for himself and his family.

82.     As a proximate result of the acts of Defendants, and each of them, as described above, Plaintiff suffered economic damages, including lost wages and benefits and other compensatory damages in an amount to be ascertained at the time of trial.

83.     As a proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has suffered physical and mental injuries and has necessarily expended sums in the treatment of such injuries, al to Plaintiff's damage in an amount to be ascertained at the time of trial.

84.     As a further proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment

18

COMPLAINT

of the physical, emotional, and mental injuries sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time of trial.

85.     As a further proximate result of the acts of Defendants, and each of them, as alleged above, Plaintiff has suffered humiliation, mental and physical distress, anxiety, nervousness, and has been generally damaged in an amount to be ascertained at the time of trial.

86.     As a direct and proximate result of the above-described acts of Defendants, and each of them, Plaintiff has necessarily incurred attorney's fees and costs and, pursuant to the provisions of California Government Code § 12965(b), Plaintiff is entitled to the reasonable value of such attorney's fees and costs.

87.     The above-described acts of Defendants, and each of them, were willful, intentional, and malicious and done with the intent to vex, injure and annoy Plaintiff; and were done in conscious disregard of Plaintiff's rights, and thus, warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendants and to deter others from engaging in similar despicable conduct.

## TENTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against all Defendants and all Does Defendants)

88.     Plaintiff incorporates and realleges by reference all previous paragraphs, and each and every party thereof, of this Complaint, with the same force and effect as though set forth at length herein.

89.     In retaliation for Plaintiff's complaint of discrimination and harassment, Defendants terminated Plaintiff's employment, thus violating the Fair Employment and Housing Act (FEHA), California Government Code § 12940 et seq.

90.     The aforementioned acts of Defendant constitute wrongful termination in violation of public policy.

91.     As a result of Defendant's wrongful conduct, Plaintiff has suffered and continues to suffer from (a) substantial humiliation, serious mental anguish, emotional and physical distress, (b) loss of past and future earnings, employment benefits and opportunities, which Plaintiff is entitled to as compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at the time of trial.

92.     As more fully set forth above, the acts of Defendant were intentional, malicious, wanton, oppressive and fraudulent, with conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code §3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1.  Compensatory and actual damages in an amount to be proven at the time of trial;

2.  For attorney fees pursuant to <u>California Government Code</u> § 12965(b) and costs of the suit incurred herein;

3.  For all interest as allowed by law;

4.  For punitive and exemplary damages in an amount to be proven at the time of trial; and

5.  For such other relief as the court may deem proper.

20

COMPLAINT

Dated: November 15, 2018          LAW OFFICE OF DAVID FELDMAN

By _____
DAVID FELDMAN
Attorney for Plaintiff
EUGENE HARRISON

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for the causes of action set forth herein.

Dated: November 15, 2018          LAW OFFICE OF DAVID FELDMAN

By _____
DAVID FELDMAN
Attorney for Plaintiff
EUGENE HARRISON

21

COMPLAINT

# Exhibit 1



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                                GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

November 18, 2017

David Feldman
100 Wilshire Blvd., Suite 700
Santa Monica California 90401


RE:  **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 976880-325240
Right to Sue: Harrison /

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue. Pursuant to Government Code section 12962,
DFEH will not serve these documents on the employer.  You or your attorney must
serve the complaint.  If you do not have an attorney, you must serve the complaint
yourself. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN, JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

November 18, 2017

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 976880-325240
Right to Sue: Harrison /

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                      GOVERNOR EDMUND G. BROWN JR.

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

November 18, 2017

Eugene Harrison
100 Wilshire Blvd., Sutie 700
Santa Monica, California 90401

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 976880-325240
Right to Sue: Harrison /

Dear Eugene Harrison,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
November 18, 2017 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TOD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Enclosures

cc:  Infosys Technologies Limited Tracy Campagnano

1
2
3
4
5

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

### BEFORE THE STATE OF CALIFORNIA

### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
**Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

6
7
8
9
10
11
12

In the Matter of the Complaint of                      DFEH No. 976880-325240
Eugene Harrison, Complainant.
100 Wilshire Blvd., Sutie 700
Santa Monica, California 90401

vs.

, Respondent.
4009 Miranda Ave
Palo Alto, California 94304

13
14
15
16
17
18
19
20
21
22

Complainant alleges:

1. Respondent is a subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code,. § 12900 et seq.).   Complainant believes respondent is subject to the FEHA.

2. On or around **June 07, 2017**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Retaliation Demoted, Denied a good faith interactive process, Denied reasonable accommodation, Terminated,** .  Complainant believes respondent committed these actions because of their: **Disability, Race** .

3. Complainant **Eugene Harrison** resides in the City of **Santa Monica**, State of **California**.  If complaint includes co-respondents please see below.

DFEH 902-1

*Complaint ± DFEH No. 976880-325240*

Date Filed: November 18, 2017



1

2   **Co-Respondents:**
    Infosys Technologies Limited
3   Tracy Campagnano
    4009 Miranda Ave.
4   Palo Alto  California 94304

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 002-1

-6-
*Complaint ± DFEH No. 976880-325240*

Date Filed: November 18, 2017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**Additional Complaint Details:**

Eugene Harrison was employed at Infosys Technologies Limited as a Senior Technology Architect. He worked there from 2011 to 2017. In 2016 Mr. Harrison became disabled from physical ailments to his back and heart. He had to miss time from work because of his physical disability and was criticized and demoted for it. At no time did the employer engage Mr. Harrison in the interactive process or try to accommodate him. He went on FMLA and the day he returned to work was terminated. Additionally, Mr. Harrison is a white man who was discriminated against because of his race. Infosys is engaged in a systematic pattern and practice of discriminating against non-South Asian employees. Mr. Harrison`s experience with Infosys demonstrated the discriminatory nature of Infosys`s employment practices. On several occasions Infosys gave Mr. Harrison false low review ratings thereby denying him his 20% performance bonus. When he complained of his low rating it was improved somewhat, but not enough for him to obtain his bonus. Infosys targeted non-South Asian employees in a racial discriminatory fashion by reducing their ratings and denying bonuses. Infosys discriminated against Mr. Harrison because of his race and disability and retaliated against him which led to his demotion, loss of salary and termination. He suffered and will continue to suffer both economic and non-economic losses.

DFEH 902-1

-7-
*Complaint ± DFEH No. 976880-325240*

Date Filed: November 18, 2017

VERIFICATION

I, **David Feldman**, am the Attorney for Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On November 18, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Santa Monica, California**
**David Feldman**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

DFEH 902-1

-8-
*Complaint ± DFEH No. 976880-325240*

Date Filed: November 18, 2017

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/16/2018**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____Shaunya Bolden_____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>18STCV05278 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Christopher K. Lui | 4 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on  11/16/2018
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By  Shaunya Bolden                          , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

2018-SJ-007-00

1

2                                                                    **FILED**
                                                              Superior Court of California
3                                                               County of Los Angeles

4       SUPERIOR COURT OF THE STATE OF CALIFORNIA           **APR 16 2018**

5            FOR THE COUNTY OF LOS ANGELES           Sherri R. Carter, Executive Officer/Clerk
                                                     By_____ Deputy
6                                                              Stephanie Chung

7   IN RE PERSONAL INJURY              ) CASE NO.:
    COURT ("PI COURT")  PROCEDURES,    )
8   **CENTRAL DISTRICT**               ) STANDING ORDER RE:  PERSONAL
    (EFFECTIVE APRIL 16, 2018)         ) INJURY PROCEDURES, CENTRAL
9                                      ) DISTRICT
                                       )
10  _____ )

11

12

13          <u>**DEPARTMENT:**</u>        **2      3      4      5      7**

14              <u>**FINAL STATUS CONFERENCE ("FSC"):**</u>

15           • **DATE:** _____ AT 10:00 A.M.

16                              <u>**TRIAL:**</u>

17           • **DATE:** _____ AT 8:30 A.M.

18
        <u>**OSC RE DISMISSAL (CODE CIV. PROC., § 583.210):**</u>
19

20           • **DATE:** _____ AT 8:30 A.M.

21

22      TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

23          Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules

24   of Court ("C.R.C.") and the Los Angeles County Court Rules ("Local Rules"), the Los

25   Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES

26   THE AUGUST 10, 2017 SEVENTH AMENDED GENERAL ORDER AND, GENERALLY,

27   ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION

28   PERSONAL INJURY ACTIONS FILED IN THE CENTRAL DISTRICT.

2018-SJ-007-00

1.     To ensure proper assignment to a PI Court, Plaintiff(s) must carefully fill out the Civil Case Cover Sheet Addendum (form LACIV 109). The Court defines "personal injury" as:

"an unlimited civil case described on the Civil Case Cover Sheet Addendum and Statement of Location (LACIV 109) as Motor Vehicle-Personal Injury/Property Damage/Wrongful Death; Personal Injury/Property Damage/Wrongful Death-Uninsured Motorist; Product Liability (other than asbestos or toxic/environmental); Medical Malpractice-Physicians & Surgeons; Other Professional Health Care Malpractice; Premises Liability; Intentional Bodily Injury/Property Damage/Wrongful Death; or Other Personal Injury/Property Damage/Wrongful Death. An action for intentional infliction of emotional distress, defamation, civil rights/discrimination, or malpractice (other than medical malpractice), is not included in this definition. An action for injury to real property is not included in this definition." (Local Rule 2.3(a)(1)(A).)

Consistent with Local Rule 2.3(a)(1)(A), the Court will assign a case to the PI Courts if plaintiff(s) check any of the following boxes in the Civil Case Cover Sheet Addendum:

        A7100 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death

        A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist

        A7260 Product Liability (not asbestos or toxic/environmental)

        A7210 Medical Malpractice – Physicians & Surgeons

        A7240 Medical Malpractice – Other Professional Health Care Malpractice

        A7250 Premises Liability (e.g., slip and fall)

        A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism etc.)

        A7220 Other Personal Injury/Property Damage/Wrongful Death

The Court will not assign cases to the PI Courts if plaintiff(s) check any boxes elsewhere in the Civil Case Cover Sheet Addendum (any boxes on pages two and three of that form).

///

Page 2 of 8

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1         The Court sets the above dates in this action in the PI Court circled above (Department

2    2, 3, 4, 5, or 7) at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012.

3    (C.R.C. Rules 3.714(b)(3), 3.729.)

4    **FILING OF DOCUMENTS**

5    2.    Parties may file documents in person at the filing window on the first floor of the Stanley

6    Mosk Courthouse (111 N. Hill Street, Los Angeles, CA 90012) or by U.S. Mail or e-Delivery,

7    which is available online at *www.lacourt.org* (link on homepage). Please note that filings are no

8    longer accepted via facsimile and must be filed either in person, via U.S. mail or via e-Delivery.

9    Claims involving an attorney-client fee dispute, documents in which the filing party is a minor,

10   legally incompetent person, or person for whom a conservator has been appointed, requests to

11   waive court fees (FW-001) and requests for accommodations by persons with disabilities (MC-

12   410), may not be filed via e-Delivery.

13   **SERVICE OF SUMMONS AND COMPLAINT**

14   3.    Plaintiff(s) shall serve the summons and complaint in this action upon defendant(s) as

15   soon as possible but no later than three years from the date when the complaint is filed.

16   (C.C.P. § 583.210, subd.(a).)   On the OSC re Dismissal date noted above, the PI Court will

17   dismiss the action and/or all unserved parties unless the plaintiff(s) show cause why the action

18   or the unserved parties should not be dismissed. (C.C.P. §§ 583.250; 581, subd. (b)(4).)

19   4.    The Court sets the above trial and FSC dates on condition that plaintiff(s) effectuate

20   service on defendant(s) of the summons and complaint within six months of filing the complaint.

21   5.    The PI Court will dismiss the case without prejudice pursuant to C.C.P. § 581 when no

22   party appears for trial.

23   **STIPULATIONS TO CONTINUE TRIAL**

24   6.    Provided that all parties agree (and there is no violation of the "five-year rule," C.C.P.

25   § 583.310), the parties may advance or continue any trial date in the PI Courts without showing

26   good cause or articulating any reason or justification for the change.   To continue or advance a

27   trial date, the parties (or their counsel of record) should jointly execute and submit (at the filing

28   window on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery; fee

2018-SJ-007-00

1    required) a Stipulation to Continue Trial, FSC and Related Motion/Discovery Dates (form
2    LACIV CTRL-242, available on the court's website, Personal Injury Court link). The PI Courts
3    schedule FSCs for 10:00 a.m., eight (8) court days before the trial date.  Parties seeking to
4    continue the trial and FSC dates shall file the Stipulation at least eight court days before the FSC
5    date.  Parties seeking to advance the trial and FSC dates shall file the Stipulation at least eight
6    court days before the proposed advanced FSC date. (C.C.P. § 595.2;  Govt. Code § 70617, subd.
7    (c)(2).) In selecting a new trial date, parties should avoid setting on any Monday, or the Tuesday
8    following a court holiday.  Parties may submit a maximum of two stipulations to continue trial,
9    for a total continuance of six months. Subsequent requests to continue trial will be granted upon
10   a showing of good cause by noticed motion.  This rule is retroactive so that any previously
11   granted stipulation to continue trial will count toward the maximum number of allowed
12   continuances.
13   **NO CASE MANAGEMENT CONFERENCES**
14   7.       The PI Courts do not conduct Case Management Conferences.  The parties need not file
15   a Case Management Statement.
16   **LAW AND MOTION**
17   8.       Any documents with declarations and/or exhibits must be tabbed.   (C.R.C. Rule
18   3.1110(f).)  All depositions excerpts referenced in briefs must be marked on the transcripts
19   attached as exhibits.  (C.R.C. Rule 3.1116(c).)
20   **CHAMBERS COPIES REQUIRED**
21   9.       In addition to filing original motion papers at the filing window on the first floor of the
22   Stanley Mosk Courthouse, via U.S. mail or via e-Delivery, the parties must deliver, directly to
23   the PI Court courtrooms at the Spring Street Courthouse, an extra copy (marked "Chambers
24   Copy") of reply briefs and all other motion papers filed less than seven (7) court days before a
25   hearing calendared in the PI Courts. The PI Courts also strongly encourage the parties filing and
26   opposing lengthy motions, such as motions for summary judgment/adjudication, to submit one
27   or more three-ring binders organizing the chambers copy behind tabs.
28   ///

2018-SJ-007-00

**RESERVATION HEARING DATE**

10.     Parties are directed to reserve hearing dates for motions in the PI Courts using the Court Reservation System (CRS) available online at www.lacourt.org (link on homepage).   After reserving a motion hearing date, the reservation requestor must submit the papers for filing with the reservation receipt (CRS) number printed on the face page of the document under the caption and attach the reservation receipt as the last page.   Parties or counsel who are unable to utilize the online CRS may reserve a motion hearing date by calling the PI Court courtroom, Monday through Friday, between 3:00 p.m. and 4:00 p.m.

**WITHDRAWAL OF MOTIONS**

11.     California Rules of Court, Rule 3.1304(b) requires a moving party to notify the court immediately if a matter will not be heard on the scheduled date. In keeping with that rule, the PI Courts urge parties who amend pleadings in response to demurrers to file amended pleadings before the date when opposition to the demurrer is due so that the PI Courts do not needlessly prepare tentative rulings on demurrers.

**DISCOVERY MOTIONS**

12.     The purpose of an Informal Discovery Conference ("IDC") is to assist the parties to resolve and/or narrow the scope of discovery disputes. Lead trial counsel on each side, or another attorney with full authority to make binding agreements, must attend in person. The PI judges have found that, in nearly every case, the parties amicably resolve disputes with the assistance of the Court.

13.     Parties **must** participate in an IDC **before** a Motion to Compel Further Responses to Discovery will be heard unless the moving party submits evidence, by way of declaration, that the opposing party has failed or refused to participate in an IDC. Scheduling or participating in an IDC does not automatically extend any deadlines imposed by the Code of Civil Procedure for noticing and filing discovery motions. Ideally, the parties should participate in an IDC before a motion is filed because the IDC may avoid the necessity of a motion or reduce its scope. Because of that possibility, attorneys are encouraged to stipulate to extend the 45 (or 60) day deadline for filing a motion to compel further discovery responses in order to allow time to participate in an

IDC.

If parties do not stipulate to extend the deadlines, the moving party may file the motion to avoid it being deemed untimely.   However, the IDC must take place before the motion is heard so it is suggested that the moving party reserve a date for the motion hearing that is at least 60 days after the date when the IDC reservation is made.  Motions to Compel Further Discovery Responses are heard at 10:00 a.m.  If the IDC is not productive, the moving party may advance the hearing on a Motion to Compel Further Discovery Responses on any available hearing date that complies with the notice requirements of the Code of Civil Procedure.

14.      Parties are directed to reserve IDC dates in the PI Courts using CRS available online at www.lacourt.org (link on homepage).  Parties are to meet and confer regarding the available dates in CRS prior to accessing the system.  After reserving the IDC date, the reservation requestor must file in the appropriate department and serve an Informal Discovery Conference Form for Personal Injury Courts, from LACIV 239 (revised 12/14 or later), at least 15 court days prior to the conference and attach the CRS reservation receipt as the last page.  The opposing party may file and serve a responsive IDC form, briefly setting forth that party's response, at least 10 court days prior to the IDC.

15.      Time permitting, the PI Hub judges may be available to participate in IDCs to try to resolve other types of discovery disputes.

**EX PARTE APPLICATIONS**

16.    Under the California Rules of Court, courts may only grant *ex parte* relief upon a showing, by admissible evidence, that the moving party will suffer "irreparable harm," "immediate danger," or where the moving party identifies "a statutory basis for granting relief ex parte." (C.R.C. Rule 3.1202(c).)  The PI Courts have no capacity to hear multiple *ex parte* applications or to shorten time to add hearings to their fully booked motion calendars.  The PI Courts do not regard the Court's unavailability for timely motion hearings as an "immediate danger" or threat of "irreparable harm" justifying *ex parte* relief.  Instead of seeking *ex parte* relief, the moving party should reserve the earliest available motion hearing date (even if it is after the scheduled trial date) and should file a motion to continue trial.  Parties should also check

2018-SJ-007-00

1 | the Court Reservation System from time to time because earlier hearing dates may become
2 | available as cases settle or hearings are taken off calendar.

3 | **REQUEST FOR TRANSFER TO INDEPENDENT CALENDAR DEPARTMENT**

4 | 17.    Parties seeking to transfer a case from a PI Court to an Independent Calendar ("I/C")
5 | Court shall file (at the filing window on the first floor of the Stanley Mosk Courthouse, via U.S.
6 | mail or via e-Delivery) and serve the Court's "Motion to Transfer Complicated Personal Injury
7 | Case to Independent Calendar Court" (form LACIV 238, available on the Court's website under
8 | the PI Courts link).    The PI Courts will transfer a matter to an I/C Court if the case is not a
9 | "Personal Injury" case as defined in this Order, or if it is "complicated." In determining whether
10 | a personal injury case is "complicated" the PI Courts will consider, among other things, the
11 | number of pretrial hearings or the complexity of issues presented.

12 | 18.    Parties opposing a motion to transfer have five court days to file (at the filing window
13 | on the first floor of the Stanley Mosk Courthouse, via U.S. mail or via e-Delivery) an Opposition
14 | (using the same LACIV 238 Motion to Transfer form).

15 | 19.    The PI Courts will not conduct a hearing on any Motion to Transfer to I/C Court.
16 | Although the parties may stipulate to transfer a case to an Independent Calendar Department, the
17 | PI Courts will make an independent determination whether to transfer the case or not.

18 | **FINAL STATUS CONFERENCE**

19 | 20.    Parties shall comply with the requirements of the PI Courts' "First Amended Standing
20 | Order Re Final Status Conference," which shall be served with the summons and complaint.

21 | **JURY FEES**

22 | 21.    Parties must pay jury fees no later than 365 calendar days after the filing of the initial
23 | complaint. (C. C. P. § 631, subds. (b) and (c).)

24 | **JURY TRIALS**

25 | 22.    The PI Courts do not conduct jury trials.  On the trial date, a PI Court will contact the
26 | Master Calendar Court, Department One, in the Stanley Mosk Courthouse.  Department One
27 | will assign cases out for trial to dedicated Civil Trial Courtrooms and designated Criminal
28 | Courtrooms.

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-007-00

1 | **SANCTIONS**

2 | 23.  The Court has discretion to impose sanctions for any violation of this general order.

3 | (C.C.P. §§ 128.7, 187 and Gov. Code, § 68608, subd. (b).)

4 |

5 |

6 | Dated: *April 16, 2018*           *Debre K Weintraub*

7 |                                   Debre K. Weintraub

8 |                                   Supervising Judge of Civil Courts
                                      Los Angeles Superior Court

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Standing Order Re Personal Injury Procedures, Central District

2018-SJ-006-00

**FILED**
Superior Court of California
County of Los Angeles

**APR 16 2018**

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Stephanie Chung

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| In re Personal Injury Cases Assigned To the Personal Injury Courts (Departments 2, 3, 4, 5 and 7 of the Spring Street Courthouse) | FIRST AMENDED STANDING ORDER – RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS (Effective as of April 16, 2018) |

The dates for Trial and Final Status Conference ("FSC") having been set in this matter, the Court **HEREBY AMENDS AND SUPERSEDES ITS JANUARY 2, 2018 STANDING ORDER—RE: FINAL STATUS CONFERENCE, PERSONAL INJURY ("PI") COURTS AND, GENERALLY, ORDERS AS FOLLOWS IN THIS AND ALL OTHER GENERAL JURISDICTION PERSONAL INJURY ACTIONS:**

### 1. PURPOSE OF THE FSC

The purpose of the FSC is to verify that the parties/counsel are completely ready to proceed with trial continuously and efficiently, from day to day, until verdict. The PI Courts will verify at the FSC that all parties/counsel have (1) prepared the Exhibit binders and Trial Document binders and (2) met and conferred in an effort to stipulate to ultimate facts, legal issues, motions in limine, and the authentication and admissibility of exhibits.

///

///

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

Exhibit A
Page 59

2.      **TRIAL DOCUMENTS TO BE FILED**

At least five calendar days prior to the Final Status Conference, the parties/counsel shall serve and file (in Room 102 of the Stanley Mosk Courthouse or by e-Delivery) the following Trial Readiness Documents:

A.      **TRIAL BRIEFS (OPTIONAL)**

Each party/counsel may file, but is not required to file, a trial brief succinctly identifying:

(1) the claims and defenses subject to litigation;

(2) the major legal issues (with supporting points and authorities);

(3) the relief claimed and calculation of damages sought; and

(4) any other information that may assist the court at trial.

B.      **MOTIONS IN LIMINE**

Before filing motions in limine, the parties/counsel shall comply with the statutory notice provisions of Code of Civil Procedure ("C.C.P.") Section 1005 and the requirements of Los Angeles County Court Rule ("Local Rule") 3.57(a). The caption of each motion in limine shall concisely identify the evidence that the moving party seeks to preclude. Parties filing more than one motion in limine shall number them consecutively. Parties filing opposition and reply papers shall identify the corresponding motion number in the caption of their papers.

C.      **JOINT STATEMENT TO BE READ TO THE JURY**

For jury trials, the parties/counsel shall work together to prepare and file a joint written statement of the case for the court to read to the jury. Local Rule 3.25(g)(4).

D.      **JOINT WITNESS LIST**

The parties/counsel shall work together to prepare and file a joint list of all witnesses in alphabetical order by last name that each party intends to call (excluding impeachment and rebuttal witnesses). Local Rule 3.25(g)(5). The joint witness list shall identify each witness by name, specify which witnesses are experts, and estimate the length of the direct, cross examination and re-direct examination (if any) of each witness. The

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

1   parties/counsel shall identify all potential witness scheduling issues and special

2   requirements. Any party/counsel who seeks to elicit testimony from a witness not identified

3   on the witness list must first make a showing of good cause to the trial court.

      **E.   LIST OF PROPOSED JURY INSTRUCTIONS**

      **(JOINT AND CONTESTED)**

6       The parties/counsel shall jointly prepare and file a list of proposed jury

7   instructions, organized in numerical order, specifying the instructions upon which all sides

8   agree and the contested instructions, if any. The List of Proposed Jury Instructions must

9   include a space by each instruction for the judge to indicate whether the instruction was

10   given.

      **F.   JURY INSTRUCTIONS**

      **(JOINT AND CONTESTED)**

13       The parties/counsel shall prepare a complete set of full-text proposed jury

14   instructions, editing all proposed California Civil Jury Instructions ("CACI") and insert party

15   name(s) and eliminate blanks and irrelevant material. The parties/counsel shall prepare

16   special instructions in a format ready for submission to the jury with the instruction number,

17   title, and text only (i.e., there should be no boxes or other indication on the printed

18   instruction itself as to the requesting party).

      **G.   JOINT VERDICT FORM(S)**

20       The parties/counsel shall prepare and jointly file a proposed general verdict

21   form or special verdict form (with interrogatories) acceptable to all sides. Local Rule

22   3.25(g)(8). If the parties/counsel cannot agree on a joint verdict form, each party must

23   separately file a proposed verdict form.

      **H.   JOINT EXHIBIT LIST**

25       The parties/counsel shall prepare and file a joint exhibit list organized with

26   columns identifying each exhibit and specifying each party's evidentiary objections, if any, to

27   admission of each exhibit. The parties/counsel shall meet and confer in an effort to resolve

28   objections to the admissibility of each exhibit.

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

## I.   PAGE AND LINE DESIGNATION FOR
## DEPOSITION AND FORMER TESTIMONY

If the parties/counsel intend to use deposition testimony or former trial testimony in lieu of any witness's live testimony, the parties/counsel shall meet and confer and jointly prepare and file a chart with columns for each of the following:  1) the line and page designations of the deposition or former testimony requested for use, 2) objections, 3) counter-designations, 4) any responses thereto, and 5) the Court's ruling.

### 3.   EVIDENTIARY EXHIBITS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge for inspection at the FSC) three sets of tabbed, internally paginated by document, and properly-marked exhibits, organized numerically in three-ring binders (a set for the Court, the Judicial Assistant and the witnesses).  The parties/counsel shall mark all non-documentary exhibits and insert a simple written description of the exhibit behind the corresponding numerical tab in the exhibit binder.  If the parties have a joint signed exhibit list and electronic copies of their respective exhibits, then the parties/counsel will not be required to produce exhibit binders at the FSC.  However, the exhibit binders may be required by the assigned trial judge when the trial commences.  In the absence of either a joint signed exhibit list or electronic copies, exhibit binders will be required by all parties/counsel at the FSC.

### 4.   TRIAL BINDERS REQUIRED IN THE PI COURTS

The parties/counsel shall jointly prepare (and be ready to temporarily lodge and include the following for inspection at the FSC) the Trial Documents consisting of conformed copies, tabbed and organized into three-ring binders with a table of contents that includes the following:

| | |
|---|---|
| Tab A: | Trial Briefs (Optional) |
| Tab B: | Motions in Limine |
| Tab C: | Joint Statement to Be Read to the Jury |
| Tab D: | Joint Witness List |

///

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

1    Tab E:      Joint List of Jury Instructions (Identifying the agreed upon and
2    contested instructions)

3    Tab F:      Joint and Contested Jury Instructions

4    Tab G:      Joint and/or Contested Verdict Form(s)

5    Tab H:      Joint Exhibit List

6    Tab I:      Joint Chart of Page and Line Designation(s) for Deposition and Former
7    Testimony

8    Tab J:      Copies of the Current Operative Pleadings (including the operative
9    complaint, answer, cross-complaint, if any, and answer to any cross-complaint).

10   The parties/counsel shall organize motions in limine (tabbed in numerical order)
11   behind Tab B with the opposition papers and reply papers for each motion placed directly
12   behind the moving papers.  The parties shall organize proposed jury instructions behind
13   Tab F, with the agreed upon instructions first in order followed by the contested instructions
14   (including special instructions) submitted by each side.

15   **5.      FAILURE TO COMPLY WITH FSC OBLIGATIONS**

16   The court has discretion to require any party/counsel who fails or refuses to comply
17   with this Amended Standing Order to show cause why the Court should not impose
18   monetary, evidentiary and/or issue sanctions (including the entry of a default or the striking
19   of an answer).

20
21
22   Dated April 16, 2018                    Debre K Weintraub
23                                           Debre K. Weintraub
24                                           Supervising Judge, Civil
                                             Los Angeles Superior Court
25
26
27
28

FIRST AMENDED ORDER RE FINAL STATUS CONFERENCE, PERSONAL INJURY COURTS (Effective April 16, 2018)

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

> The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.
>
> There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).
>
> In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Exhibit A

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program.  Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Page 3 of 4

Exhibit A
Page 66

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Exhibit A
Page 67

**COPY**

**BY FAX**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's Stamp |
|---|---|

COURT ADDRESS:

111 North Hill Street, Stanley Mosk Courthouse

PLAINTIFF:

Eugene Harrison

DEFENDANT:

Infosys Technologies Limited

| CIVIL DEPOSIT | CASE NUMBER: |
|---|---|

CLERK: PREPARE A FORM FOR EACH DEPOSITOR PAYING SEPARATELY

**PLEASE REPORT TO THE CLERK'S OFFICE/CASHIER:**
☐ Room 102, Central Civil   ☐ Clerk's Office , Room_____   ☐ Department Number_____

| | Distribution Codes | Amt Due | | Distribution Codes | Amt Due |
|---|---|---|---|---|---|
| ☐ 251 | DAILY JURY FEES<br>Dates:_____<br># of day(s)_____x$_____ | | ☐ 74 | DEPOSIT IN TRUST | |
| ☒ 72 | JURY FEES<br>Trial Date:_____<br>150.00<br>(Initial Deposit) $ | 150.00 | ☐ 101 | FIRST PAPERS-<br>GENERAL JURISDICTION | |
| ☐ 252 | REPORTERS FEES<br>Dates:_____<br># of 1/2 day(s)_____x$_____<br>Full Day_____ | | ☐ 101<br>☐ 141<br>☐ 130 | FIRST PAPERS-LIMITED OVER $10,000<br>With declaration Limited to $10,000<br>(per B&P 6322.1(a))<br>Limited to $10,000 | |
| ☐ 721 | SANCTIONS ORDERED ON<br>Date:_____ | | ☐ 211 | RECLASSIFICATION FEE | |
| ☐ 213<br>200 | MOTIONS/APPLICATION TO CONT. HEARING<br>MOTIONS/APPLICATION TO CONT.TRIAL | | ☐ 150<br>☐ 151 | COMPLEX LITIGATION TRIAL/PLAINTIFF<br>COMPLEX LITIGATION TRIAL/DEFENDANT | |
| | Other: | | | | |

To be paid via: ☐ Cash   ☐ Check   ☐ Certified Check/Money Order   ☒ Credit Card

☐ On or Before_____   ☒ Forthwith

Payment will be made by ☒ Plaintiff_____   ☐ Defendant_____

JOHN A. CLARKE, Executive Officer/Clerk

DATE   Nov 15, 2018_____   BY: _____
Deputy Clerk

| TO BE COMPLETED BY DEPOSITOR | CASHIER'S VALIDATION |
|---|---|

Depositor's Name:   David Feldman_____

☐ Plaintiff in Pro Per   ☐ Defendant in Pro Per

☒ Counsel for   ☒ Plaintiff   Eugene Harrison_____
Name of Party

☐ Defendant _____
Name of Party

Address of depositor   100 Wilshire Boulevard, Suite 700_____
Street
Santa Monica, CA 90401_____
City/State/Zip

CIV 083 03-04 (Rev. 05/08)
LASC Approved

**CIVIL DEPOSIT**
Distribution: Original - Case File   Copy-Customer