# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 03/13/2019 11:14 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Brown,Deputy Clerk

Case 2:19-cv-01893-VAP-AGR   Document 1-2   Filed 03/14/19   Page 2 of 12   Page ID #:71

1 | **FAEGRE BAKER DANIELS LLP**
ELLEN E. BOSHKOFF (BAR NO. 314087)
2 | *ellen.boshkoff@faegrebd.com*
AMANDA SEMAAN (BAR NO. 293896)
3 | *amanda.semaan@faegrebd.com*
11766 Wilshire Boulevard, Suite 750
4 | Los Angeles, CA  90025-6543
Telephone:   310.500.2090
5 | Facsimile:    310.500.2091

6 | Attorneys for Defendant
INFOSYS LIMITED (incorrectly sued as
7 | INFOSYS TECHNOLOGIES LIMITED)

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| EUGENE HARRISON,<br><br>Plaintiff,<br><br>v.<br><br>INFOSYS TECHNOLOGIES LIMITED, a Corporation Doing Business in California; and DOES 1 to 30, Inclusive,<br><br>Defendants. | Case No. 18STCV05278<br><br>Hon. Christopher K. Lui<br>Dept. 4 – Spring Street Courthouse<br><br>**DEFENDANT INFOSYS LIMITED'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:        November 16, 2018 |

Defendant Infosys Limited, incorrectly sued as Infosys Technologies Limited ("Defendant" or "Infosys"), by and through its attorneys, hereby answers the unverified allegations of Plaintiff Eugene Harrison's ("Plaintiff's") Complaint as follows:

## GENERAL DENIAL

1. Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies, generally and specifically, each and every allegation in the Complaint.

2. Defendant further denies, generally and specifically, that Plaintiff is entitled to the relief requested, or that Plaintiff has been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or any of its past or present agents, representatives, or employees.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the below Affirmative Defenses to the Complaint. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

1. The claims alleged in the Complaint fail to state facts sufficient to constitute a cause of action and/or fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Arbitration)

2. Plaintiff's claims are barred, in whole or in part, from being heard in this or any other Court because he is contractually bound to arbitrate such claims against Defendant.

## THIRD AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

3. Plaintiff's claims are barred, in whole or in part, by all applicable statutes of limitation, including but not limited to, the statute of limitations contained in California

1  Government Code §§ 12960 and 12965; California Labor Code § 203; and California Civil
2  Procedure Code §§ 335.1 and 339.

### FOURTH AFFIRMATIVE DEFENSE

#### (Compliance with All Laws)

4. Defendant is absolved from any and all liability for the wrongs alleged in the Complaint and/or Plaintiff's claims are barred by reason of Defendant's compliance with statutes, regulations, and/or other laws in effect at the time of the conduct alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

#### (Waiver)

5. Plaintiff's claims are barred, in whole or in part, because such claims have been waived, discharged, and/or abandoned.

### SIXTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

6. Plaintiff's claims are barred, in whole or in part, by unclean hands and/or inequitable or wrongful conduct.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Laches)

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Estoppel)

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### NINTH AFFIRMATIVE DEFENSE

#### (No Attorneys' Fees Recoverable)

9. Plaintiff is not entitled to attorneys' fees.

/ / /

/ / /

/ / /

/ / /

### TENTH AFFIRMATIVE DEFENSE

### (Breach of Statutory Obligations)

10. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not satisfy or breached his statutory obligations as provided in the California Labor Code, including but not limited to California Labor Code §§ 2854 and 2856-2859.

### ELEVENTH AFFIRMATIVE DEFENSE

### (No Covered Disability)

11. Plaintiff's claims of disability discrimination are barred in that plaintiff was not disabled within the meaning of the Government Code.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Knowledge of Disability)

12. Defendant alleges that it had no knowledge of any alleged disability covered by state or federal law.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Knowledge Re: Accommodation)

13. Defendant alleges that it did not know nor should it have known of the need for a reasonable accommodation as required by law.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Business Necessity)

14. The Defendant's acts affecting the terms and conditions of Plaintiff's employment were taken in good faith and without malice and motivated by non-discriminatory, non-retaliatory, and legitimate business reasons and/or a business necessity.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Consent)

15. Plaintiff's claims are barred to the extent Plaintiff consented to and/or actively participated in the conduct which he now alleges gives rise to his claims against Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

16. Any damages otherwise recoverable by Plaintiff are barred and/or limited by Plaintiff's failure to appropriately or adequately mitigate his alleged damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

17. Plaintiff's claims against Defendant are barred in whole or in part because any act or failure to act by Defendant was not the proximate cause of any injury suffered by Plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

18. Plaintiff is not entitled to recover any punitive damages because the allegations are inadequate to meet the requirements under California law for an award of punitive damages, and because any award of punitive damages in this action would violate Defendant's rights under the United States Constitution and the California Constitution, including but not limited to their due process rights and their right to be protected from excessive fines.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative and Internal Remedies)**

19. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to timely and/or adequately exhaust administrative remedies, including, without limitation, the California Labor Code, prior to filing the Complaint.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

20. Plaintiff's claims are barred, in whole or in part, because any recovery, or a portion of recovery being requested by Plaintiff, would constitute unjust enrichment.

/ / /

/ / /

/ / /

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Violation of Constitutional Rights)**

21. Insofar as Plaintiff seeks punitive damages, an award of punitive damages would be an unconstitutional denial of Defendant's rights to due process and/or equal protection under the Fifth, Eight, and Fourteenth Amendments to the United States Constitution and Articles I and IV of the California Constitution.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure to Pursue Exclusive Remedy)**

22. Plaintiff's claims are barred, in whole or in part, because the exclusive remedy for his alleged injuries is an action or a claim under the California Workers' Compensation Act.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence Doctrine)**

23. Plaintiff's Complaint is barred, in whole or in part, by the after-acquired evidence doctrine.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Setoff and Recoupment)**

24. If any damages have been sustained by Plaintiff, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction and Payment)**

25. Plaintiff's claims are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

/ / /

/ / /

/ / /

/ / /

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

26. The claims alleged in the Complaint are barred because at all times Defendant's conduct was just, fair, with good cause, in good faith, without malice, was done for legitimate, non-discriminatory, non-harassing, and non-retaliatory reasons.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Nondiscriminatory Reason)

27. Plaintiff's claims are barred, in whole or in part, because there was a legitimate, nondiscriminatory reason for the alleged acts.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Fault of Others)

28. Plaintiff's claims are barred, in whole or in part, because any damages alleged by Plaintiff were the result of the actions or inactions of other individuals or entities, not Defendant.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Reasonable Care to Prevent and Correct Improper Behavior)

29. Plaintiff's claims are barred in that Defendant exercised reasonable care to prevent and correct promptly any improper behavior, including discrimination, harassment and/or retaliation, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant, or to avoid harm otherwise.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Mixed Motives)

30. Plaintiff is precluded from recovery of back pay or other damages because of the Mixed Motive Doctrine. *Harris v. City of Santa Monica*, 56 Cal. 4th 203 (2013).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Actual or Constructive Notice)

31. Defendant did not have actual or constructive notice of any alleged discrimination and/or harassment against Plaintiff. To the extent that Defendant were aware of any allegedly

discriminatory and harassing behavior, Defendant exercised reasonable care to prevent and correct promptly the alleged discrimination and harassment.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
**(Against Defendant's Policies)**

32. Any instances of discriminatory, harassing, or retaliatory conduct by managers of Defendant, the occurrence of which Defendant expressly denies, would have contravened Defendant's policies and their good faith efforts to enforce and follow anti-discrimination and anti-harassment laws.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
**(Conduct Not Extreme or Outrageous)**

33. Any and all claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or mental distress are barred because no conduct of Defendant was extreme or outrageous or undertaken with the intent of causing, or in reckless disregard of the probability of causing, emotional distress.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
**(Absence of Intentional Discrimination Precludes Punitive Damages)**

34. Defendant alleges that it has not engaged in intentional discrimination with respect to Plaintiff, and Defendant therefore cannot be liable for punitive damages.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
**(Absence of Malice, Reckless Indifference or Fraud Precludes Punitive Damages)**

35. Defendant alleges that it has not acted with malice, reckless indifference or fraud toward Plaintiff and therefore, Defendant cannot be held liable for punitive damages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
**(Plaintiff's Actions)**

36. Plaintiff's claims are barred, in whole or in part, because any damages he may have allegedly suffered are the result of his own intentional and/or negligent acts.

///

///

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

37. Plaintiff's employment was terminable at-will by either party with or without cause. Labor Code § 2922.

### RIGHT TO ASSERT ADDITIONAL DEFENSES

38. Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated defenses available. Defendant reserves the right to assert additional defenses.

### RELIEF REQUESTED

WHEREFORE, Defendant prays that this Court:

1. Dismiss the Complaint against Defendant with prejudice;
2. Enter judgment in favor of Defendant and against Plaintiff on all causes of action;
3. Award Defendant its costs of suit, reasonable attorneys' fees, and disbursements herein; and
4. Order such other further relief as this Court may find just and proper.

DATED: March 13, 2019      **FAEGRE BAKER DANIELS LLP**

By: *[signature]*
ELLEN E. BOSHKOFF
AMANDA SEMAAN
Attorneys for Defendant
INFOSYS LIMITED (incorrectly sued as INFOSYS TECHNOLOGIES LIMITED)

# PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 11766 Wilshire Boulevard, Suite 750; Los Angeles, CA 90025. On March 13, 2019, I served a copy of the within document(s):

**DEFENDANT INFOSYS LIMITED'S ANSWER TO PLAINTIFF'S COMPLAINT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express overnight delivery envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

David Feldman                                         *Attorneys for Plaintiff*
Law Office of David Feldman
100 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401
Email: feldman.lawyer@gmail.com
Tel:  310.578.7171
Fax:  310.578.7731

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 13, 2019, at Los Angeles, California.

_____
Lorena Lazheztter

Exhibit B
Page 78

US.122221484.01                              10
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>**Branch Name:** Spring Street Courthouse<br>**Mailing Address:** 312 North Spring Street<br>**City, State and Zip Code:** Los Angeles CA 90012 | |
| **SHORT TITLE:** EUGENE HARRISON vs INFOSYS TECHNOLOGIES LIMITED, A CORPORATION | **CASE NUMBER:**<br>18STCV05278 |
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:   One Legal
Reference Number: 12938159
Submission Number: 19LA00321684
Court Received Date: 03/13/2019
Court Received Time: 11:14 am
Case Number: 18STCV05278
Case Title: EUGENE HARRISON vs INFOSYS TECHNOLOGIES LIMITED, A CORPORATION
Location: Spring Street Courthouse
Case Type: Civil Unlimited
Case Category: Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)
Jurisdictional Amount:
Notice Generated Date: 03/13/2019
Notice Generated Time: 11:18 am

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Answer | Accepted |

**Court Payment Receipt Number**
.

**Comments**
Submitter's Comments: Please file with the Court and return a conformed copy.

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: One Legal
Contact: One Legal
Phone: (800) 938-8815

Exhibit B
Page 79