**FAEGRE BAKER DANIELS LLP**
ELLEN E. BOSHKOFF (BAR NO. 314087)
*ellen.boshkoff@faegrebd.com*
AMANDA SEMAAN (BAR NO. 293896)
*amanda.semaan@faegrebd.com*
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025-6543
Telephone: 310.500.2090
Facsimile: 310.500.2091

Attorneys for Defendant
INFOSYS LIMITED (incorrectly sued as
INFOSYS TECHNOLOGIES LIMITED)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EUGENE HARRISON,

Plaintiff,

v.

INFOSYS TECHNOLOGIES LIMITED, a Corporation Doing Business in California; and DOES 1 to 30, Inclusive,

Defendants.

Case No.: 2:19-cv-01893 VAP (AGRx)

Hon. Virginia A. Phillips

**DEFENDANT INFOSYS LIMITED'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND DISMISS LITIGATION**

(Filed concurrently with Declarations of Amanda Semaan and Tracy Campagnano; and [Proposed] Order)

Date: May 13, 2019
Time: 2:00 p.m.
Courtroom: 8A

Complaint Filed: November 16, 2018
Date Removed: March 14, 2019

TO PLAINTIFF EUGENE HARRISON AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 13, 2019 at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Virginia A. Phillips, in Courtroom 8A of the United States District Court for the Central District of California, at 350 West First Street, Los Angeles, California 90012, Defendant Infosys Limited (incorrectly sued as Infosys Technologies Limited) ("Infosys") will move this Court pursuant to Section 4 of the Federal Arbitration Act, ("FAA"), 9 U.S.C. § 4, for an order providing that the instant action be dismissed and compelled to arbitration in accordance with the Infosys At-Will, Confidential Information, Invention Assignment, Non-Compete And Arbitration Agreement (the "Agreement").

This motion will be based on this notice, the Memorandum of Points and Authorities filed herewith, the accompanying Declarations of Amanda Semaan and Tracy Campagnano, the complete files and records in this action, and all other matters and evidence that may be presented at the hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on March 22, 2019.

Dated: April 15, 2019

**FAEGRE BAKER DANIELS LLP**

By: */s/ Amanda Semaan*
ELLEN E. BOSHKOFF
AMANDA SEMAAN
Attorneys for Defendant
INFOSYS LIMITED (incorrectly sued as
INFOSYS TECHNOLOGIES LIMITED)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Despite entering into a valid agreement to arbitrate, Plaintiff Eugene Harrison ("Plaintiff" or "Harrison") filed suit against his former employer, Infosys Limited (incorrectly sued as Infosys Technologies Limited) ("Infosys"), alleging various employment claims under the California Fair Employment and Housing Act ("FEHA") and California common law, including discrimination on the basis of race and national origin, disability discrimination, disability harassment, failure to prevent, and to correct and remedy, discrimination and harassment, failure to engage in the interactive process, failure to provide a reasonable accommodation, intentional infliction of emotional distress, and wrongful termination in violation of public policy. ECF No. 1-1.

Plaintiff's dispute does not belong in this or any other Court, because it is subject to mandatory arbitration. Plaintiff indisputably executed the Infosys At-Will, Confidential Information, Invention Assignment, Non-Compete And Arbitration Agreement (the "Agreement") at the start of his employment, through which he agreed to arbitrate *all* claims alleged here. The Agreement bars Plaintiff's lawsuit, and thereby justifies this Court compelling arbitration and dismissing his suit pursuant to Section 4 of the Federal Arbitration Act, ("FAA"), 9 U.S.C. § 4.

## II. STATEMENT OF FACTS

### A. Plaintiff and Infosys Execute the Agreement.

Plaintiff worked for Infosys from April 4, 2011 to on or about April 8, 2017. ECF No. 1-1 at ¶ 7; ECF No. 3 at ¶ 3; Declaration of Tracy Campagnano in Support of Motion to Compel Arbitration ("Campagnano Decl."), Ex. 1. His offer letter explicitly stated that executing the Agreement was a condition of his employment. Campagnano Decl., Ex. 1 at 3. Thus, the same day he began his Infosys employment, Plaintiff executed the Agreement, which mandates arbitration of various employment-related disputes. *Id.*, Ex. 2 at 6.

The Agreement's terms are clear and easily understandable. As a threshold matter, the Agreement includes the parties' mutual agreement to resolve in binding arbitration any disputes "arising out of, relating to, or resulting from [Harrison's] employment with Infosys or the termination of [Harrison's] employment with Infosys." Campagnano Decl., Ex. 2 at 6. Indeed, the Agreement is made "in consideration of [Harrison's] employment with Infosys, *[Infosys's]* promise to arbitrate all employment-related disputes and [Harrison's] receipt of the compensation, pay raises and other benefits paid to [him] by Infosys." *Id.* (emphasis added). The Agreement specifically provides that Harrison "understand[s] that th[e] Agreement to arbitrate also applies to any disputes that Infosys may have with [him]." *Id.* at 6-7.

The scope of the Agreement is also specifically tailored to the employment relationship between the parties: "I agree that any and all controversies, claims, or disputes with anyone (including Infosys and any employee, officer, director, shareholder or benefit plan of Infosys in their capacity as such or otherwise) arising out of, relating to, or resulting from my employment with Infosys or the termination of my employment with Infosys . . . shall be subject to binding arbitration." *Id.* at 6. The range of "claims" also incorporates each and every claim Plaintiff raises here:

> **All claims** . . . **arising out of, relating to, or resulting from my employment with Infosys** . . . **includ[ing]** any statutory claims under state or federal law, including, but not limited to, claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act, **the California Fair Employment and Housing Act,** the California Labor Code, **claims of harassment, discrimination or wrongful termination** and any other statutory claims.

*Id.* (emphases added).

Moreover, the Agreement contains numerous provisions to facilitate resolution of claims by individual arbitration in a manner that is fair to Plaintiff and does not deprive him of the relief he otherwise could recover in Court. For example, the

Agreement specifies that "Infosys will pay for any administrative or hearing fees charged by the arbitrator or AAA except that [Plaintiff] shall pay the first $200.00 of any filing fees associated with any arbitration [he] initiate[s]." *Id.* at 7. The Agreement mandates that the parties select the arbitrator in a manner consistent with the AAA's National Rules for the Resolution of Employment Disputes (the "AAA Rules"). *Id.* And AAA Rule 12 calls for arbitrator selection by mutual agreement. *See* Declaration of Amanda Semaan, dated April 15, 2019 ("Semaan Decl."), Ex. 1. "The arbitrator shall have the authority to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute." *See id.*, Ex. 1, AAA Rule 7. The Arbitrator is also required to issue a written opinion and has the authority to provide for any and all relief available under the substantive laws governing the claims. Campagnano Decl., Ex. 2 at 7.

**B. <u>Plaintiff Files the Instant Lawsuit, Infosys Removes to this Court, and Plaintiff's Counsel Declines to Stipulate to Arbitration.</u>**

On November 16, 2018, Plaintiff filed his 10-count Complaint in State Court. ECF No. 1-1. Each count is based on Plaintiff's six-year employment relationship with Infosys and the termination thereof. *Id.* On February 12, 2019, Plaintiff served Infosys with a copy of his Complaint. ECF No. 1 at ¶ 2. Infosys timely removed this action on March 14, 2019. ECF No. 1.

On March 22, 2019, Infosys's counsel contacted Plaintiff's counsel (Mr. David Feldman), alerted him to the existence of the Agreement, and notified him of Infosys's intent to seek arbitration of this matter. Semaan Decl. at ¶ 4. Plaintiff's counsel advised Infosys's counsel that Plaintiff would oppose any efforts to pursue arbitration of this matter. *Id.*

## III. ARGUMENT

The Federal Arbitration Act reflects "a liberal federal policy favoring arbitration agreements." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621, 200 L. Ed. 2d 889 (2018) (internal citations omitted); *accord AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). Under the FAA and Supreme Court and Ninth Circuit authority, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Portland Gen. Elec. Co. v. Liberty Mut. Ins. Co.*, 862 F.3d 981, 985 (9th Cir. 2017), *as amended* (Aug. 28, 2017) (*quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)); *see generally Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228 (2013). Fundamentally, arbitration is a matter of contract, and parties must arbitrate the issues that are subject to their arbitration agreement. *Italian Colors*, 570 U.S. at 232-33; *see also Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 938 (9th Cir. 2013). Thus, the FAA "requires courts 'rigorously' to 'enforce arbitration agreements according to their terms.'" *Lewis*, 138 S. Ct. at 1621 (quoting *Italian Colors*, 570 U.S. at 233); *accord Ziober v. BLB Res., Inc.*, 839 F.3d 814, 817 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2274, 198 L. Ed. 2d 702 (2017).

Here, the Agreement requires Plaintiff's claims be submitted to arbitration for at least two reasons. First, the Agreement is valid, and all of Plaintiff's claims fall within its scope. Second, there are no grounds to set aside the Agreement as unconscionable under California law. Finally, Infosys requests that this case be dismissed rather than stayed, as all of Plaintiff's claims are subject to arbitration.

### A. A Valid Arbitration Agreement Exists Between Plaintiff and Infosys Under the FAA.

"Because the FAA mandates that 'district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed,' the FAA limits courts' involvement to 'determining (1) whether a valid

agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). As explained below, this case satisfies both criteria.

**(1) The Parties Have a Valid Agreement to Arbitrate.**

There is no question that the parties have a binding agreement to arbitrate. *See, e.g.*, Campagnano Decl., Ex. 2 at 6 ("I agree that any and all controversies, claims, or disputes . . . arising out of, relating to, or resulting from my employment with Infosys or the termination of my employment with Infosys . . . shall be subject to binding arbitration."). Moreover, the Agreement contains adequate consideration, since Plaintiff executed it at the inception of his employment, and it is supported by the parties' mutual promises to submit specified claims they may have against the other to final and binding arbitration, rather than to have them decided in court before a judge or jury. *Id.* at 6-7; *see also Totten v. Kellogg Brown & Root, LLC*, 152 F. Supp. 3d 1243, 1250 (C.D. Cal. 2016), *appeal dismissed*, No. 16-55260, 2018 WL 994126 (9th Cir. Jan. 25, 2018) (finding "valid consideration supports the [Dispute Resolution Provision]. The parties mutually agreed to submit to arbitration in the event of a dispute covered by the DRP, and Totten accepted KBR's offer of employment in exchange for his agreement to arbitrate."). And the FAA governs the Agreement.[1] Thus, the liberal policy in favor of arbitration applies here. *See* Section (A), *supra*.

Because the parties have an arbitration agreement, the Court "*shall* direct the parties to proceed to arbitration on issues as to which [the] arbitration agreement has

---

[1] The FAA applies to any contract "evidencing a transaction involving commerce," 9 U.S.C. § 2. The Supreme Court has specifically concluded that "contracts evidencing a transaction . . . involving commerce include employment contracts." *Rogers v. Royal Caribbean Cruise Line*, 547 F.3d 1148, 1154 (9th Cir. 2008) (quoting *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 113 (2001)). Here, the Agreement at issue is an employment agreement. Moreover, it is undisputed that Infosys, an Indian corporation, engages in business in multiple states in the United States. Campagnano Decl., ¶ 3.

been signed." *Mastro v. Momot*, 439 F. App'x 612, 613 (9th Cir. 2011) (emphasis in original; internal citations omitted).

**(2) The Parties Agreed to Arbitrate All of Plaintiff's Claims.**

This case satisfies the second criterion because Plaintiff and Infosys unmistakably agreed to arbitrate all of the claims Plaintiff asserts in this lawsuit.

The Agreement provides that "Arbitration shall be the sole, exclusive and final remedy for *any* dispute between [Plaintiff] and Infosys" "arising out of, relating to, or resulting from [Plaintiff's] employment with Infosys or the termination of [Plaintiff's] employment with Infosys." Campagnano Decl., Ex. 2 at 6-7 (emphasis added). It then delineates (with the proviso that this list is "not limited to") virtually *all* of the bases for Plaintiff's causes of action, including "harassment, discrimination or wrongful termination and any statutory claims." *Id.* at 6.

This language is more than sufficient to bring Plaintiff's claims within the Agreement's scope. Courts have routinely relied upon similar language when dismissing claims in favor of arbitration. *See, e.g., Pleasant v. Dollar Gen. Corp.*, No. EDCV1402645JGBKKX, 2015 WL 12811236, at *1, *4 (C.D. Cal. Feb. 18, 2015) (dismissing suit and compelling arbitration where "[t]he Agreement includes broad language that requires all disputes over Plaintiff's employment or termination of employment . . . to be resolved through arbitration.")

Accordingly, as the Agreement is both valid and covers all of Plaintiff's claims, Plaintiff must arbitrate rather than litigate his claims.

**B. <u>In Any Event, The Arbitration Agreement Is Not Unconscionable.</u>**

Infosys predicts that Plaintiff may nevertheless attempt to challenge the Agreement as unconscionable under California law. *See Brennan v. Opus Bank*, 796 F.3d 1125, 1132 (9th Cir. 2015) (citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010)). As Infosys has shown that an agreement to arbitrate exists and applies, it is *Plaintiff's* burden to allege and prove that the agreement is not valid or enforceable.

*See Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017) (citing *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal.4th 223, 236, 145 Cal.Rptr.3d 514, 282 P.3d 1217 (2012)).

With respect to the common law contract defense of "unconscionability," an arbitration agreement can be invalidated only if there is a showing of *both* procedural and substantive unconscionability. *Id.* (citing *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal.4th 83, 114, 99 Cal.Rptr.2d 745, 6 P.3d 669 (2000)). The procedural element focuses on unequal bargaining power between the parties based on two factors: (1) oppression and (2) surprise. *Id*. The substantive element focuses on whether the agreement is unduly one-sided in favor of the employer without sufficient justification. *Id*. Neither applies here.

**(1) The Agreement is Not Procedurally Unconscionable.**

First, Plaintiff may argue that the Agreement was a contract of adhesion because it states that Plaintiff agrees to arbitration "in consideration of [his] employment with Infosys." Campagnano Decl., Ex. 2 at 6. But "the California Supreme Court has not adopted a rule that an adhesion contract is per se unconscionable." *Poublon*, 846 F.3d at 1261 (citing *Sanchez v. Valencia Holding Co., LLC*, 61 Cal.4th 899, 914-15, 190 Cal.Rptr.3d 812, 353 P.3d 741 (2015)). Rather, "[i]n the employment context, if an employee must sign a non-negotiable employment agreement as a condition of employment but there is no other indication of oppression or surprise, then the agreement will be enforceable unless the degree of substantive unconscionability is high." *Id.* (internal citations and marks omitted).

Indeed, courts in this District have routinely applied this standard in finding arbitration applies based on so-called contracts of adhesion. *See Herrera v. CarMax Auto Superstores California, LLC,* No. CV-14-776-MWF VBKX, 2014 WL 3398363, at *11 (C.D. Cal. July 2, 2014); *see also Archer v. TIC-The Indus. Co.,* No. CV 16-6649-GHK (SSX), 2016 WL 7635956, at *7 (C.D. Cal. Nov. 7, 2016); *Borgarding v.*

*JPMorgan Chase Bank*, No. CV162485FMORAOX, 2016 WL 8904413, at *5 (C.D. Cal. Oct. 31, 2016); *Miguel v. JPMorgan Chase Bank, N.A.*, No. CV 12-3308 PSG PLAX, 2013 WL 452418, at *6 (C.D. Cal. Feb. 5, 2013); *Goldin v. Anthem Blue Cross*, No. CV126117PSGJCGX, 2012 WL 12878730, at *5 (C.D. Cal. Nov. 29, 2012); *Andraos v. Union Cent. Life Ins. Co.*, No. CV098815ODWFFMX, 2010 WL 11515306, at *4 (C.D. Cal. Jan. 12, 2010). As such, and because there is also no evidence of *substantive* unconscionability (as discussed *infra*), the Agreement is enforceable.

**(2) The Agreement is Not Substantively Unconscionable.**

"Substantive unconscionability relates to the effect of the contract or provision, focusing on the terms of the agreement and whether those terms are so one-sided as to shock the conscience." *Herrera*, 2014 WL 3398363, at *6 (quoting *Soltani v. W. & S. Life Ins. Co.*, 258 F.3d 1038, 1043 (9th Cir. 2001)).

Simply put, the Agreement is more than reasonable. The Agreement calls for, among other things: (1) mutual promises to arbitrate all claims; (2) Infosys to shoulder arbitration fees (except for the first $200.00 of any filing fees associated with any arbitration initiated by Plaintiff); (3) exclusion of either party from modifying the terms of the Agreement without mutual written consent; (4) selection of a mutually agreeable arbitrator, per AAA Rules; (5) adequate discovery in accordance with AAA Rules; (6) issuance of a written decision by the arbitrator; and (8) adherence to the substantive law governing the dispute including all remedies available therein. *See* Campagnano Decl., Ex. 2 at 6-9; Semaan Decl., Ex. 1, AAA Rules 7 and 12. Given the Agreement's terms, there is no basis to find that the Agreement "shock[s] the conscience." *Herrera*, 2014 WL 3398363, at *6.

Accordingly, there is no basis to conclude the Agreement is unenforceable, and Plaintiff should be ordered to arbitrate this dispute accordingly.

### C. Dismissal of Plaintiff's Suit is the Proper Remedy.

Finally, the Court should dismiss Plaintiff's Complaint rather than stay the proceedings. As courts in this District have recognized on multiple occasions, dismissal of the case is proper when "the entire Complaint is subject to arbitration." *Div. Six Sports, Inc. v. Levi Strauss Asia Pac. Div. PTE. Ltd.*, No. CV172768MWFAFMX, 2017 WL 7080047, at *4 (C.D. Cal. May 19, 2017); *accord Chamberlain v. LG Elecs. U.S.A., Inc.*, No. CV172046MWFPLAX, 2017 WL 3084270, at *6 (C.D. Cal. June 29, 2017); *Pleasant*, 2015 WL 12811236, at *3; *Herrera*, 2014 WL 3398363, at *6.[2]

## IV. CONCLUSION

For the foregoing reasons, Infosys respectfully requests that the Court grant its motion to compel arbitration and dismiss this suit without prejudice.

Dated: April 15, 2019

**FAEGRE BAKER DANIELS LLP**

By: */s/ Amanda Semaan*
ELLEN E. BOSHKOFF
AMANDA SEMAAN
Attorneys for Defendant
INFOSYS LIMITED (incorrectly sued as INFOSYS TECHNOLOGIES LIMITED)

[2] However, if this Court declines to dismiss this action outright, it instead should stay the proceedings in favor of arbitration, in accordance with Section 3 of the FAA (*see* 9 U.S.C. § 3).