DAVID FELDMAN (SBN 179679)
LAW OFFICE OF DAVID FELDMAN
100 Wilshire Blvd., Suite 700
Santa Monica, CA 90401
Tel: (310) 578-7171
Fax: (310) 578-7731

Attorney for Plaintiff
EUGENE HARRIS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EUGENE HARRIS,<br><br>Plaintiff,<br><br>vs.<br><br>INFOSYS TECHNOLOGIES LIMITED, a Corporation Doing Business in California AND DOES 1 TO 10, INCLUSIVE,<br><br>Defendants. | CASE NO.: 2:19-cv-01893-VAP (AGRx)<br><br>HON. Virginia A. Phillips<br><br>**PLAINTIFF'S NOTICE OF OPPOSITION AND OPPOSITION TO MOTION TO COMPEL ARBITRATION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>May 13, 2019<br>2:00 PM<br>Courtroom: 8A<br>Complaint filed: Nov 16, 2018 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Eugene Harris ("Plaintiff") hereby opposes Defendant Infosys Technologies Limited's ("Defendant") Motion for Order Compelling Arbitration and for Stay Pending Arbitration.

This Opposition to Defendant's Motion for Order Compelling Arbitration and for Stay Pending Arbitration will be made based upon this Notice of Opposition and Opposition, the

attached Memorandum of Points and Authorities in support thereof, all of the records on file in this matter, and on such further arguments that may be made at the May 13, 2019 hearing on the matter.

DATED: April 22, 2019 LAW OFFICE OF DAVID FELDMAN

By: /s/ David Feldman
David Feldman
Attorney for Plaintiff
EUGENE HARRIS

## I. STANDARD OF REVIEW

A petitioner seeking to compel arbitration must prove by a preponderance of the evidence, the existence of the arbitration agreement and that the dispute is covered by the agreement. *Rosenthal v. Great Western Fin'l Securities Corp.* (1996) 14 Cal.4th 394, 413. A party opposing the petition bears the burden of proving by a preponderance of evidence any fact necessary to its defense. *Id*.

## II. LEGAL ARGUMENT

"'[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Howsam v. Dean Witter Reynolds, Inc.* (2002) 537 U.S. 79, 83 (citing *Steelworkers v. Warrior & Golf Nav. Co.* (1960) 363 U.S. 574, 582); *Rebolledo v. Tilly's Inc.* (2014) 228 Cal.App.4th 900, 912 (citing *Engineers Architects Assn. v. Community Development Dept.* (1994) 30 Cal.App.4th 644, 653). To determine whether the parties formed a valid arbitration agreement, courts apply "general California contract law." (*Rebolledo*, supra, 228 Cal.App.4th at 912 (citing *Mendez v. Mid-Wilshire Health Care Center* (2013) 220 Cal.App.4th 534, 540-541); see also, *First Options of Chicago, Inc. v. Kaplan* (1995) 514 U.S. 938, 944 ("When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally . . .should apply ordinary state-law principles that govern the formation of contracts.")

In California, "[t]he fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties." *Bank of the West v. Sup. Ct.* (1992) 2 Cal.4th 1254, 1264 (citing Civ. Code § 1636). "[S]uch intent is to be inferred, if possible, solely from the written provisions of the contract." AIU Ins. Co. v. Sup. Ct. (1990) 51 Cal.3d 807, 822 (citing Civ. Code § 1639); see also, City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (1998) 68 Cal.App.4th 445, 473 ("Courts must interpret contractual language in a manger which gives force and effect to every provision, and not in a way which renders some clauses nugatory, inoperative, or meaningless. [Citations omitted.]"). "If the contract language is clear and explicit, it governs." *Foster-Gardner, Inc. v. National Union Fire Ins. Co.* (1998) 18 Cal.4th 857, 868; Civ Code § 1638 ("The language of a contract is to govern its interpretation, if the

language is clear and explicit, and does not involve an absurdity.") However, uncertainty in contractual language must be construed against the drafter. Civ. Code § 1654.

### A. THE ARBITRATION AGREEMENT IN DEFENDANT'S DOCUMENTS IS UNCONSCIONABLE

Although there is public policy in favor of arbitration, California courts are empowered to invalidate an arbitration agreement based on grounds as exist in law or equity for the revocation of any contact. See *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83. 97-98. The grounds for rescission of a contract in California include mistake, lack of capacity, undue influence, material failure of consideration, duress, illegality, fraud, and unconscionability. See, Civ. Code §§ 1670.5, 1689, 1566. In order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability, courts must find both procedural and substantive unconscionability. *Armendariz*, supra, 24 Cal.App.4th at 114. However, both elements on unconscionability need not be present in the same degree. Id. ("[T]he more substantive oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.")

#### 1. The Arbitration Agreement Is Procedurally Unconscionable

"The procedural aspect of the unconscionability analysis focuses on two factors: 'oppression' and 'surprise.' [Citation omitted.]" *A & M Produce Co. v. FMC Corp*. (1982) 135 Cal.App.3d 473, 486; accord, *Armendariz*, supra, 24 Cal.App.4th at 114*; Chavarria v. Ralphs Grocery Co.* (9th Cir. 2013 733 F.3d 916, 922 (applying California law).

"Oppression" arises from an inequality of bargaining power which results in no real negotiation and 'an absence of meaningful choice.' [Citation omitted.]" *A & M Produce Co. v. FMC Corp.,* supra, 135 Cal.App.3d at 487; *Martinez v. Master Protection Corp.* (2004) 118 Cal.App.4th 107, 114; see also, *Fitz v. NCR Corp.* (2004) 118 Cal.App.4th 702, 713 (describing the first step in the unconscionability analysis as determining whether the arbitration agreement was imposed on a take-it or leave-it manner). An arbitration agreement that is a condition of employment is procedurally unconscionable in the absence of evidence indicating the employee

had an opportunity to negotiate the agreement or refuse to sign the arbitration agreement. *Martinez v. Master Protection Corp*., supra, 118 Cal.App.4th at 114. *See Ferguson v. Countrywide Credit Industries, Inc.,* 298 F.3d 778, 783 (9th Cir. 2002). Furthermore, in *Palmer v. Infosys Technologies Ltd. Inc.,* 832 F.Supp.2d 1341 (2011) the District Court held that the parties' arbitration agreement did not clearly and unmistakably grant the arbitrator the power to decide arbitrability and therefore the arbitration agreement was unconscionable.

Here, the arbitration agreement provides that all controversies or claims be subject to arbitration. However, it does not clearly and unmistakably confer authority to the arbitrator to decide gateway questions. It discusses only controversies or claims arising out of, relating to, or resulting from employment. The agreement does not contemplate questions concerning its own validity; the arbitration clause is silent as to these threshold inquiries. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, (1995). In sum, there is simply no mention of who decides whether the agreement is void. The parties, therefore, have not "objectively revealed an intent to submit the arbitrability issue to arbitration." *First Options*, 514 U.S. at 944.

**2. The Arbitration Agreement Is Substantively Unconscionable**

Here, there can be no doubt that the arbitration agreement is a contract of adhesion drafted by Defendant Infosys. In Palmer plaintiff relied on a California trial court's ruling that an identical Infosys arbitration agreement was unconscionable. *See Awashti v. Infosys Technologies Limited, No.* RG09486022 (Cal.Super.Ct.2010). Here, there is lack of mutuality, which means substantive unconscionability.

## III. THE UNCONSCIOUNABLE TERMS IN THE ARBITATION AGREEMENT CANNOT BE SEVERED TO AVOID ILLEGAL RESULT

In some cases, courts are willing to sever the contractual provisions that are unconscionable or contrary to public policy in order to save an otherwise valid agreement. See, e.g., Little v. Auto Stiegler, Inc. (2003) 29 Cal.4th 1064. However, this is the exception for arbitration agreements that only contain one unconscionable defect. Id. at 1075; c.f., Armendariz, supra, 24 Cal.4th at 124-125 (stating, in part, "[s]uch multiple defects indicate a systemic effort to impose arbitration on an employee not simply as an alternative to litigation,

but as an inferior forum that works to the employer's advantage"). If "there is no single provision a court can strike or restrict in order to remove the unconscionable taint from the agreement," the agreement is permeated by unconscionability and the court "must avoid the entire agreement." Armendariz, supra, 24 Cal.4th at 125 (citing Stirlen v. Supercuts, Inc. (1997) 51 Cal.App.4th 1519, 1552).

Here, as discussed above, the arbitration agreement is unconscionable and contrary to public policy. The agreement does not allow for the arbitrator to decide arbitrability. Therefore, because these terms cannot be reasonably severed, the arbitration agreement must be found unenforceable. See Armendariz, supra, 24 Cal.4th at 125 (citing Kolani v. Gluska (1998) 64 Cal.App.4th 402, 407-408 (discussing a court's power to reform contracts is limited to instances in which parties make mistakes, not to correct illegal provisions); Code of Civil Procedure § 1281.2.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court to deny Defendant's Motion for an Order Compelling Arbitration.

Dated: April 22, 2019 LAW OFFICES OF DAVID FELDMAN

By: /s/ David Feldman
DAVID FELDMAN
Attorney for Plaintiff

# PROOF OF SERVICE

I am employed in the State of California, County of Los Angeles. I am over the age of 18 and am not a party to the within action; my business address is 100 Wilshire Blvd., Suite 700, Santa Monica, CA 90401.

On April 22, 2019, I caused the foregoing document(s) described as be served on the parties in this action, as follows:

**Amanda Semaan, Esq.**
**Faegre Baker Daniels, LLP**
**11766 Wilshire Blvd., Suite 750**
**Los Angeles, California 90025-6543**
**Direct: +1-310-500-2090**
**Fax: +1-310-500-2091**

( ) (BY U.S. MAIL) I am readily familiar with the firm's practice of collection and processing of documents for mailing. Under that practice, the above-referenced document(s) were placed in sealed envelope(s) addressed to the parties as noted above, with postage thereon fully prepaid and deposited such envelope(s) with the United States Postal Service on the same date at Los Angeles, California, addressed to counsel as set forth above.

( X ) (BY E-MAIL) I hereby certify that this document was served by email delivery on the parties listed herein at their most recent email addresses of record in this action.

( X ) (BY FEDERAL EXPRESS) I served a true and correct copy by Federal Express or other overnight delivery service, for delivery on the next business day. Each copy was enclosed in an envelope or package designed by the express service carrier; deposited in a facility regularly maintained by the express service carrier or delivered to a courier or driver authorized to receive documents on its behalf; with delivery fees paid or provided for; addressed as shown on the accompanying service list.

( X ) (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 22, 2019

_______/s/_____________________________
Name: DAVID FELDMAN