**FAEGRE BAKER DANIELS LLP**
ELLEN E. BOSHKOFF (BAR NO. 314087)
*ellen.boshkoff@faegrebd.com*
AMANDA SEMAAN (BAR NO. 293896)
*amanda.semaan@faegrebd.com*
11766 Wilshire Boulevard, Suite 750
Los Angeles, CA 90025-6543
Telephone: 310.500.2090
Facsimile: 310.500.2091

Attorneys for Defendant
INFOSYS LIMITED (incorrectly sued as
INFOSYS TECHNOLOGIES LIMITED)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EUGENE HARRISON,<br><br>Plaintiff,<br><br>v.<br><br>INFOSYS TECHNOLOGIES LIMITED, a Corporation Doing Business in California; and DOES 1 to 30, Inclusive,<br><br>Defendants. | Case No.: 2:19-cv-01893 VAP (AGRx)<br><br>Hon. Virginia A. Phillips<br><br>**DEFENDANT INFOSYS LIMITED'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND DISMISS LITIGATION**<br><br>Date: May 13, 2019<br>Time: 2:00 p.m.<br>Courtroom: 8A<br><br>Complaint Filed: November 16, 2018<br>Date Removed: March 14, 2019 |

## I. INTRODUCTION

In seeking to evade his obligation to arbitrate this matter, Plaintiff does not dispute that he executed the Infosys At-Will, Confidential Information, Invention Assignment, Non-Compete And Arbitration Agreement (the "Agreement"); does not dispute that the Agreement encompasses all of his claims; and does not challenge any authority that Infosys presented in its opening papers for enforcing arbitration agreements under the same circumstances as here, based on the Federal Arbitration Act's liberal policy in favor of arbitration recognized in Supreme Court and Ninth Circuit precedent.

Indeed, in contesting Infosys's Motion to Compel Arbitration in this matter (ECF No. 12 ("Mot.")), Plaintiff's Opposition Brief (ECF No. 13 ("Opp.")) points to no evidence of oppression or surprise that would suggest the Agreement is procedurally unconscionable and fails to offer any argument challenging a *single term* of the Agreement. In short, nothing Plaintiff presents in his Opposition overcomes his obligation to arbitrate this dispute, thereby mandating dismissal of this suit[1] in favor of arbitration.

## II. ARGUMENT

### A. Plaintiff's Unconscionability Arguments Fail.

Plaintiff's unconscionability arguments are baseless. As Infosys stated in its Motion, Plaintiff must establish substantive *and* procedural unconscionability to invalidate the Agreement. *See* Mot. at 7 (citing *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017); *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal.4th 83, 114, 99 Cal.Rptr.2d 745, 6 P.3d 669 (2000)). Plaintiff establishes neither: Plaintiff fails to rebut Infosys's argument that the Agreement is not

[1] Plaintiff incorrectly describes Infosys's Motion as seeking a stay of this action pending arbitration. *See* Opp. at 1. To the contrary, Infosys requests that this case be dismissed rather than stayed (*see* Mot. at 9), as all of Plaintiff's claims are subject to arbitration.

procedurally unconscionable; and he makes no real claim at all as to substantive unconscionability.

**(1) Plaintiff Makes No Real Claim As To Procedural Unconscionability.**

None of Plaintiff's arguments as to procedural unconscionability hold water. First, even though Infosys gave Plaintiff explicit notice of its argument that an adhesive arbitration agreement is not, in and of itself, unconscionable[2] (*see* Mot. at 7-8), Plaintiff failed to respond in any meaningful way.[3] As this Court has consistently recognized, an opposing party's failure to offer any rebuttal to an argument raised in a motion constitutes concession of that argument. *See, e.g., Haraway v. E! Entm't Television, LLC*, No. CV130628FMOMRWX, 2014 WL 12588479, at *3 (C.D. Cal. Apr. 7, 2014) (finding plaintiff had conceded unconscionability arguments by failing to raise them in opposition to defendant's motion to compel arbitration: "When a plaintiff files an opposition to a motion addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (internal citations and marks omitted); *Yagman v. Kelly*, No. CV176022MWFPJWX, 2018 WL 2138461, at *12 (C.D. Cal. Mar. 20, 2018) ("By failing to substantively address Defendants' arguments, Plaintiff acknowledges that he has not stated a viable . . . claim, and thereby abandons that claim.") (citing *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) (plaintiff who failed in opposition brief to address issues raised in a defendant's motion to dismiss "has effectively abandoned his claim, and cannot raise it on appeal"); *Silva v. U.S. Bancorp*, No. 5:10-CV-01854-JHN, 2011 WL 7096576, at *4 (C.D. Cal. Oct. 6, 2011) ("[T]he Court finds that

[2] Even if conditioning his employment on execution of the Agreement is, in and of itself, enough to make the Agreement a so-called contract of adhesion (which Infosys disputes), as Infosys explained (*see* Mot. at 7-8), courts routinely enforce arbitration agreements in the employment context.

[3] "For purposes of determining procedural unconscionability, the California Supreme Court has held that 'surprise or other sharp practices' may arise when a party with less bargaining power is not told about an unusual provision, or the party is otherwise 'lied to, placed under duress, or otherwise manipulated into signing the arbitration agreement." *Poublon*, 846 F.3d at 1261 n.2 (citing *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1245, 200 Cal.Rptr.3d 7, 367 P.3d 6 (2016)).

Plaintiff concedes his . . . claim should be dismissed because he failed to address Defendants' arguments in his Opposition.")).

In fact, Plaintiff does not even establish that the Agreement was a contract of adhesion in the first place.[4] Nowhere in his Opposition does he argue – much less present any evidence[5] – for example, that *he* did not have the opportunity to negotiate the terms of the Agreement; that the Agreement was offered to *him* on a take-it-or-leave-it basis; that *he* felt pressured to sign the Agreement, was rushed into signing it, told *he* couldn't take the time he needed to review it; or that *he* asked for, but was denied, more time to review it.

Second, Plaintiff appears to argue (*see* Opp. at 5), that because the Agreement "does not clearly and unmistakably confer authority to the arbitrator to decide gateway questions" "concerning its own validity," it is necessarily procedurally unconscionable. Yet Plaintiff cites no authority for this position; in fact, he *misstates Palmer v. Infosys Technologies Ltd. Inc.*, 832 F. Supp. 2d 1341 (M.D. Ala. 2011), the *only* case he relies on to make this argument. The Alabama district court in *Palmer* did *not* – as Plaintiff claims (*see* Opp. at 5) – hold that *because* the parties' arbitration agreement did not grant the arbitrator the power to decide arbitrability, the arbitration agreement was "therefore" unconscionable. The *Palmer* court simply found that "[b]ecause the parties did not 'clearly and unmistakably' agree to arbitrate arbitrability," it was up to the court, *not* an arbitrator, to decide Palmer's unconscionability challenge. 832 F. Supp. 2d at 1345. Thus, Plaintiff's primary argument goes to a point that Infosys does not even dispute, namely, that this Court has the power to decide the "gateway" question of arbitrability. It does nothing to carry his burden to show that the Agreement is procedurally unconscionable. *See Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev.*

---

[4] Plaintiff claims (*see* Opp. at 5), "there can be no doubt that the [Agreement] is a contract of adhesion" but offers absolutely no explanation as to why.

[5] Plaintiff concedes that "[a] party opposing the [motion to compel arbitration] bears the burden of proving by a preponderance of the evidence any fact necessary to its defense." Opp. at 3. And yet, Plaintiff presented no evidence whatsoever in support of his Opposition.

*(US), LLC*, 55 Cal. 4th 223, 236 (2012) (Under California law, "the party opposing arbitration bears the burden of proving any defense, such as unconscionability").

**(2) Plaintiff Also Makes No Real Claim As To Substantive Unconscionability.**

Plaintiff makes two points in support of his substantive unconscionability argument: first, that the Agreement is a contract of adhesion and second, that the Agreement "lacks mutuality." *See* Opp. at 5. Neither point is sufficient to satisfy Plaintiff's burden of demonstrating that the Agreement is *substantively* unconscionable.

First, Plaintiff's point that the Agreement is a contract of adhesion has nothing to do with substantive unconscionability, which, as Infosys explained in its Motion (*see* Mot. at 8), relates to the Agreement's terms "and whether those terms are so one-sided as to shock the conscience." Rather, this argument goes to procedural unconscionability (discussed *supra* at II.A(1)).

Second, Plaintiff's bare bones argument that the Agreement "lacks mutuality" – without any explanation as to *how* it lacks mutuality – is insufficient to rebut Infosys's argument (*see* Mot. at 8), that the Agreement is more than reasonable. As Infosys explained in its Motion, the Agreement contains the parties' *mutual* agreement to resolve in binding arbitration any disputes "arising out of, relating to, or resulting from [Harrison's] employment with Infosys or the termination of [Harrison's] employment with Infosys." *See* Mot. at 2. Plaintiff does not identify what term, or terms, create the lack of mutuality to which he refers. As such, this argument is waived. *See Mangahas v. Barclays Bank Delaware*, No. SACV 16-00093 JVS (JCGx), 2016 WL 11002179, at *3, n.3 (C.D. Cal. May 9, 2016) (declining to consider an argument not raised in plaintiff's opposition to defendant's motion to compel arbitration).

Even if the Court considers this issue, Plaintiff's mutuality argument fails for several reasons. As an initial matter, *Palmer* and *Awasthi v. Infosys Technologies Ltd.*, 2010 WL 9035040 (Cal. Super. Aug. 5, 2010) – the only decisions Plaintiff mentions (but does not discuss) in his bare bones argument – are distinguishable. Namely, the plaintiffs in both *Palmer* and *Awasthi* submitted declarations attesting that they did not

have the opportunity to negotiate the arbitration agreement's terms and/or that they understood the agreement to be a take-it-or-leave-it requirement of their employment; accordingly, the respective arbitration agreements were found to be procedurally unconscionable. *See Palmer*, 832 F.Supp.2d at 1345; *Awasthi*, 2010 WL 9035040. Such is not the case here: Plaintiff failed to provide *any* evidence supporting a claim of procedural unconscionability. Therefore, *Palmer* and *Awasthi* are not on point.[6]

Additionally, even if the Court considers this issue, Infosys disputes that this Agreement is non-mutual. As addressed in its Motion, the Agreement applies to a wide variety of claims that could be brought by either Plaintiff or Infosys. *See* Mot. at 2. The only "carve-out" is for certain injunctive relief matters. *See* Campagnano Decl., Ex. 2 at 7-8. But, again, such actions could be brought by either party; indeed, this section references a statute that is clearly for Plaintiff's protection. *See id.* (referencing CA Labor Code Section 2870[7]).

Moreover, even if the Court concludes that Infosys is the party most likely to bring an action for injunctive relief (and thus that the injunction provision is non-mutual), this does not render the Agreement unconscionable. Instead, caselaw is clear that where there is a "reasonable justification for a non-mutual provision – i.e., a justification grounded in something other than the employer's desire to maximize its advantage based on the perceived superiority of the judicial forum – such arrangement would *not* be unconscionable." *See Armendariz*, 24 Cal. 4th at 120. Here, there is a reasonable justification for the injunctive relief carve-out in the Agreement: namely, injunctions are typically sought when there is an emergency, and arbitrations – which

[6] Additionally, although Plaintiff argues (*see* Opp. at 5), that the trial court in *Awasthi* ruled that an "identical" arbitration agreement was substantively unconscionable due to lack of mutuality, he presents no evidence that the Agreement here is the same as in *Awasthi*, and a close reading of that decision reveals that it is not. *Compare Awasthi*, 2010 WL 9035040 (citing limitation of remedies contained in paragraph 12(c) of the agreement as evidence of lack of mutuality) *with* Campagnano Decl., Ex. 2 at 9 (no such provision).

[7] This statute sets forth certain employee inventions that are deemed the property of the employee and provides that any provision in an employment agreement that purports to require an employee to assign such inventions to the employer is against the public policy of this state and unenforceable.

take some time to ramp up (for example, it can take up to 30 days from the time the AAA receives a demand just for the parties to select a mutually acceptable arbitrator to hear and determine their dispute (*see* Semaan Decl., Ex. 1, AAA Rule 12(b)(ii))) – simply do not afford an injured party the same immediate relief as the courts do. Indeed, some district courts have found that concerns about intellectual property are a reasonable justification for carving out certain claims from an arbitration provision. *See Laughlin v. VMware, Inc.*, Case No. 5:11-cv-00530 EJD, 2012 WL 298230, at *6 (N.D. Cal. Feb. 1, 2012).

For all these reasons, there is no basis to conclude the Agreement is unenforceable, and Plaintiff should be ordered to arbitrate this dispute accordingly.

### B. Any Unconscionable Terms Should Be Severed And The Remainder Of The Agreement Enforced.

Plaintiff's Opposition concludes by asking the Court to find the entire Agreement unenforceable because the unconscionable terms "cannot be reasonably severed." Opp. at 5-6. Again though, Plaintiff does not identify which provisions are purportedly unconscionable, nor how severing any section in particular would affect the overall arbitrability of Plaintiff's claims. In any event, contrary to Plaintiff's position, courts will sever agreements on the basis of severability provisions. *See, e.g., Sophinos v. Quadriga Worldwide LTD*, No. CV-16-01273-MWF-MRW, 2016 WL 10830359, at *4 (C.D. Cal. Apr. 27, 2016) ("Where the agreement to arbitrate is not permeated with unconscionability, courts have not hesitated to sever unconscionable terms and compel arbitration in accordance with the remaining provisions.") (collecting cases) (internal citations omitted). Thus, if the Court finds the Agreement's carve-out for injunctive relief unconscionable, it can sever that portion of the Agreement.

**C. <u>Plaintiff Has Conceded That Dismissal Of Plaintiff's Suit Is The Proper Remedy.</u>**

In its Motion, Infosys argued that the Court should dismiss Plaintiff's Complaint rather than stay the proceedings. *See* Mot. at 9. Citing precedent from courts in this District, Infosys explained that dismissal of the case is proper because all of Plaintiff's claims are subject to arbitration. *Id.* Plaintiff's Opposition is conspicuously silent on this point. Accordingly, as discussed *supra* at 2-3, because Plaintiff does not address – much less challenge – Infosys's argument that the Agreement encompasses *all* of his claims and that dismissal of the case is therefore proper, Plaintiff has conceded that the Court should dismiss Plaintiff's Complaint rather than stay the proceedings.

**III. <u>CONCLUSION</u>**

For the foregoing reasons, Infosys respectfully requests that the Court grant its motion to compel arbitration and dismiss this suit without prejudice.

Dated: April 29, 2019 **FAEGRE BAKER DANIELS LLP**

By: <u>*/s/ Amanda Semaan*</u>
ELLEN E. BOSHKOFF
AMANDA SEMAAN
Attorneys for Defendant
INFOSYS LIMITED (incorrectly sued as
INFOSYS TECHNOLOGIES LIMITED)