UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

FILED
CLERK, U.S. DISTRICT COURT
MAY 7, 2019
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

Eugene Harrison,
Plaintiff,
v.
Infosys Limited, et al.,
Defendant.

2:19-cv-01893-VAP-AGRx

**Order GRANTING Motion to Compel Arbitration and Dismiss Litigation (Doc. No. 12)**

Before the Court is a Motion to Compel Arbitration and Dismiss Litigation filed by Defendant Infosys Limited ("Defendant"). (Doc. No. 12, "Motion"). The Court deems the Motion suitable for resolution without oral argument pursuant to Local Rule 7-15. After considering all papers filed in support of, and in opposition to, the Motion, the Court **GRANTS** the Motion to Compel Arbitration and Dismiss Litigation.

## I. BACKGROUND

Defendant employed Plaintiff Eugene Harrison ("Plaintiff") as a Senior Technology Architect from 2011 until 2017. (Doc. No. 1-1, ¶ 7). Plaintiff is a white man who claims Defendant discriminated against him because of his race. (*Id.* at ¶ 8). Plaintiff's complaint brings the following claims against Defendant: (1) race discrimination, (2) national origin discrimination, (3) disability discrimination, (4) disability harassment, (5) failure to prevent discrimination and harassment, (6) failure to correct and remedy



United States District Court
Central District of California

discrimination and harassment, (7) failure to engage in the interactive process, (8) failure to accommodate, (9) intentional infliction of emotional distress, and (10) wrongful termination in violation of public policy. (Doc. No. 1-1).

On the first day of his employment, Plaintiff signed the At-Will, Confidential Information, Invention Assignment, Non-Compete, and Arbitration Agreement. (Doc. No. 12-3, "Agreement"). The Agreement contained an arbitration provision that provided, in part: "I agree that any and all controversies claims, or disputes with anyone (including Infosys . . .) arising out of, relating to, or resulting from my employment with Infosys or the termination of my employment with Infosys . . . shall be subject to binding arbitration." (*Id.* at ¶ 11, capital lettering removed).

Defendant now moves to compel arbitration. (Doc. No. 12).

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that "[a] written provision in any . . . contract . . . to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "establishes 'a liberal federal policy favoring arbitration agreements'" and "require[s] courts to respect and enforce agreements to arbitrate." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)

United States District Court
Central District of California

United States District Court
Central District of California

"Because the FAA mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed, the FAA limits courts' involvement to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (citation and internal quotation marks omitted). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000).

## III. DISCUSSION

Plaintiff only opposes arbitration on the ground that the contract is unconscionable. (Doc. No. 13).

The FAA "permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)); *see Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1259 (9th Cir. 2017). "Under California law, 'the party opposing arbitration bears the burden of proving any defense, such as unconscionability.'" *Poublon*, 846 F.3d at 1260

(quoting *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev., LLC*, 55 Cal. 4th 223, 236 (2012)). "Any doubts about the scope of arbitrable issues, including applicable contract defenses, are to be resolved in favor of arbitration." *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1022 (9th Cir. 2016).

To establish a valid defense to arbitration, the party opposing arbitration must demonstrate both procedural and substantive unconscionability. *Poublon*, 846 F.3d at 1260. "The procedural element of unconscionability focuses on 'oppression or surprise due to unequal bargaining power.'" *Id.* (quoting *Pinnacle*, 55 Cal. 4th at 246). To prove substantive unconscionability, "the agreement must be 'overly harsh,' 'unduly oppressive,' 'unreasonably favorable,' or must 'shock the conscience.'" *Id.* (quoting *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 911 (2015)).

Plaintiff argues that the contract is unconscionable on two grounds. First, Plaintiff argues that because the contract does not delegate the issue of arbitrability the contract is unconscionable because there is "simply no mention of who decides whether the agreement is void." (Doc. No. 13, at 5:12-13). The absence of such a provision, however, does not make the contract unconscionable. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) ("If . . . the parties did not agree to submit the arbitrability question itself to arbitration, then the court should decide that question just as it would decide any other question that the parties did not submit to arbitration, namely, independently."); *Ajamian v. CantorCO2e, L.P.*,

United States District Court
Central District of California

United States District Court
Central District of California

203 Cal. App. 4th 771, 794 (2012) (holding that absent a provision delegating authority to decide arbitrability of the contract to the arbitrator, unconscionability of the arbitration provision will be determined by the court).

Second, Plaintiff argues that because the contract was a condition of employment, it is necessarily unconscionable. (Doc. No. 13, at 4-5). Under Ninth Circuit and California precedent, however, "[i]n the employment context, if an employee must sign a non-negotiable employment agreement as a condition of employment but 'there is no other indication of oppression or surprise,' then 'the agreement will be enforceable unless the degree of substantive unconscionability is high.'" *Poublon*, 846 F.3d at 1261 (quoting *Serpa v. Cal. Sur. Investigations, Inc.*, 215 Cal. App. 4th 695, 704, (2013)).

In *Poublon*, for instance, the Ninth Circuit held that even if the arbitration provision, which was buried in a contract about bonuses, was a condition of employment, it still would not be unconscionable because Plaintiff "has not established any other element of oppression or surprise." *Id.* at 1263. Indeed, even the cases Plaintiff relied upon involved contracts where other provisions were one-sided or unfair. *Martinez v. Master Prot. Corp.*, 118 Cal. App. 4th 107, 114 (2004) (finding three additional grounds for substantive unconscionability: the arbitration agreement contained a carveout for the employer to bring certain judicial actions, the arbitration agreement imposed costs on an employee that would not be required in a judicial forum, and the imposition of a six-month statute of limitations unlawfully restricted the employee rights); *Ferguson v. Countrywide Credit*

United States District Court
Central District of California

*Indus., Inc.*, 298 F.3d 778, 784 (9th Cir. 2002) (finding two additional terms were substantively unconscionable: the one-sided coverage of the arbitration agreement, and the arbitration agreement imposed costs on an employee that would not be required in a judicial forum).

Plaintiff has failed to identify any sort of oppression, surprise, or substantive unconscionability. (Doc. No. 13, at 4-5). Plaintiff also does not argue that any other clauses are unconscionable or unreasonably one-sided (other than the delegation of arbitrability addressed above). (*Id.*). In contrast, here, the title of the contract was clearly labeled in bold, capital lettering "At-Will, Confidential Information, Invention Assignment, Non-Compete[,] and Arbitration Agreement." (Doc. No. 12-3). Additionally, the arbitration provision itself was clearly labeled and written in all capital lettering. (Doc. No. 12-3, ¶ 11). Accordingly, Plaintiff has not met his burden in demonstrating the contract is unconscionable.

## IV. CONCLUSION

Accordingly, the Court finds that the arbitration provision is enforceable and applies to Plaintiff's claims.

"[T]he Ninth Circuit has held that courts have discretion under [the FAA] to either stay or dismiss claims that are subject to an arbitration agreement." *Castaldi v. Signature Retail Servs.*, Inc., No. 15-CV-00737-JSC, 2016 WL 7042991, at *1 (N.D. Cal. Jan. 20, 2016) (collecting cases); *see Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (affirming dismissal without leave to amend where all

United States District Court
Central District of California

claims were subject to arbitration). Courts in this jurisdiction typically dismiss the case when all disputes are subject to arbitration. *See Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *Pleasant v. Dollar Gen. Corp.*, No. EDCV14:02645-JGB-KKx, 2015 WL 12811236, at *3 (C.D. Cal. Feb. 18, 2015); *Koyoc v. Progress Fin. Co.*, No. CV 13-09165-RSWL, 2014 WL 1878903, at *7 (C.D. Cal. May 9, 2014). Indeed, neither party argues that a stay, instead of dismissal, would be the appropriate outcome.

The Court therefore GRANTS the Motion and DISMISSES this action with prejudice. Plaintiff shall arbitrate his claims.

**IT IS SO ORDERED.**

Dated: 5/7/19

Virginia A. Phillips
Chief United States District Judge